## HARRINGTON v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, *Appellant.*

1.   **Railroad**: DOUBLE DAMAGES: LIABILITY FOR KILLING STOCK NOT BELONGING TO ADJOINING PROPRIETOR. In order to subject a railroad company to double damages for the killing of stock of a stranger which come across the lands of an adjoining proprietor upon the railroad track through an open gate at a point where the company has such a fence as is required by section 43 of the railroad law, (Wag. Stat., p. 310,) it is incumbent upon the plaintiff to show that the premises of the adjoining proprietor are not inclosed by a lawful fence. (Following *Berry v. Railroad Company*, 65 Mo. 172.)

2.   ——— : ———: GATES. If the adjoining proprietor is satisfied with a sliding panel or gate at his farm crossing instead of a gate hung and fastened with a latch or hook, as prescribed by section 43, no one else has a right to complain.

3.   ———. A railroad company is not liable, under this section, for the killing of stock which come upon the track through a gate left open by some one else without the consent of the company.

*Appeal from Platte Circuit Court.*—HON. GEO. W. DUNN, · Judge.

REVERSED.

This was an action under the 43rd section of the railroad law to recover double damages for the killing of a mare belonging to plaintiff. The railroad company had made a farm crossing over its road for one Elliott Miller, who owned land on both sides of the road. Instead of gates with latches or hooks for a fastening the company had provided sliding panels in the fences. These panels, Miller testified, were satisfactory to him. The fences were of the lawful height and in good repair. The evidence tended to show that plaintiff's mare, with other stock, were led by a breachy mule belonging to plaintiff over a division fence between plaintiff and Miller into Miller's field, from which the mare came upon the railroad track through the sliding panel and was injured. This panel had been left open by Miller the evening before the accident,

or perhaps the same evening it occurred. The court instructed the jury to the effect that if the company had failed to erect at the openings in their fences, gates hung and provided with latches or hooks, so as to be easily opened or shut, it was liable, and refused to instruct that there was no liability if the mare jumped from plaintiff's inclosure into the inclosed field of Miller and from thence passed through the open gate into the railroad inclosure, and also that the company was bound only to use ordinary diligence in keeping its gates closed, and was not liable unless the gate in question was left open through the negligence of its employees. There was a verdict and judgment for plaintiff, from which defendant appealed.

*Shanklin, Low & McDougal* for appellant, cited *Berry v. R. R. Co.*, 65 Mo. 172; *Spinner v. R. R. Co.*, 67 N. Y. 158; *Murray v. R. R. Co.*, 43 N. Y. (4 Keyes) 277.

*Doniphan & Reed* for respondent, cited *Marietta, &c., R. R. Co. v. Stephenson*, 24 Ohio St. 48.

HENRY, J.—In the case of *Berry v. St. Louis, Salem & Little Rock R. R. Co.*, 65 Mo. 172, it was held by this court that: " The duty of fencing the sides of their roads through inclosed and cultivated fields, is imposed upon railroad companies for the benefit of the owner or proprietor of such fields and inclosures.   *   *   The cattle of a stranger which are on the premises of the adjoining proprietor, without right, are not within the protection of the statute." If the fence around the field of the adjoining proprietor was a lawful fence, there was no obligation on the company, except as to such proprietor, to fence its road where it ran through the field. This was distinctly held in the case of *Berry v. St. L., S. & L. R. R. R. Co.*, *supra.* The evidence in this case shows that the mules of plaintiff were breachy, and, in company with the mare killed, broke over the fence inclosing Elliott Miller's field. The plaintiff offered no evidence to prove that Miller's was

not a lawful fence, and it was equally as incumbent upon the plaintiff to show that fact, as it would have been if the mules had gone upon the track over a fence erected by the company, along the line of its road, under the statute.

The evidence shows that the company had a lawful fence along the side of its road, and a gate so constructed as to be a section or panel of the fence when closed. It was not hung on hinges, or fastened with a latch or hook, but was a sliding gate, and to open it, one had to lift and slide it back on slats nailed across a double post. It was not so convenient for Miller, but was equally as well calculated to keep stock off of the track as one hung with hinges and fastened with a latch. That it was not as convenient for Miller as if hung on hinges, and fastened with a latch, as required by the statute, was a matter of which no one but he could complain, and the third instruction for plaintiff was erroneous.

That Miller, without the consent of the company, left the gate open, and in consequence thereof the mare got upon the track, does not render the defendant liable.

If Miller's fence was not a lawful one, yet if the railroad fence was, and the gate when closed, was substantially a section or panel of the fence, and formed as good a barrier against stock as the fence itself, the defendant is not liable. And, on the other hand, adhering to the doctrine of *Berry v. St. Louis, S. & L. R. R. Co.*, if Miller's field fence was a lawful fence, and plaintiff's mules broke over it, in company with the mare killed, and she went upon the track, the company is not liable, although it may have had no fence at all along the side of the road at that point. The judgment is reversed and the cause remanded. All concur.