JOHNSON v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1.   **Railroad**: KILLING STOCK: DOUBLE DAMAGES: STATEMENT. A statement in an action before a justice of the peace, against a railroad for double damages for killing a horse, is sufficient which charges that the defendant, at a point on its road where the same passes along and adjoining inclosed and uninclosed lands, and not at a private or public crossing, ran over and killed the horse, and that defendant failed and neglected to erect or maintain good or sufficient fences on the sides of its road at the point where the horse got upon the track and was killed, and concludes with a prayer for double damages under the statute.

2. ———: STOCK: ESCAPE THROUGH ADJOINING PROPRIETOR'S PASTURE ONTO ROAD. ·Where, in such action against a railroad for killing plaintiff's horse, the evidence showed that plaintiff was not an adjoining proprietor within the meaning of the statute, and that his horse escaped from a pasture not coterminous with the right of way and through the inclosed field of an adjoining proprietor, it is necessary for the plaintiff to prove, before he can recover, that his horse was in the adjoining proprietor's field by authority, or that the fence of the field was not a lawful fence.

*Appeal from Lafayette Circuit Court.*—HON. J. P. STROTHER, Judge.

REVERSED.

*Smith & Krauthoff* with *T. J. Portis* for appellant.

The plaintiff's statement was insufficient. It does not directly, or by implication, state that the alleged failure to fence in any wise occasioned the injury sued for. *Hudgens v. H. & St. J. R. R. Co.,* 79 Mo. 418; *King v. C., R. I. & P. R. R. Co.,* 79 Mo. 328; *Luckie v. Railroad Co.,* 67 Mo. 245; *Cunningham v. Railroad Co.,* 70 Mo. 202; *Bates v. Railroad Co.,* 74 Mo. 60. Neither is it alleged, nor to be inferred, that the alleged getting upon the track and killing did not occur within the limits of an incorporated town or city. *Schulte v. Railroad Co.,* 76 Mo. 324. The evidence showed that the plaintiff was not an adjoining proprietor, and that his animal was not lawfully upon land belonging to such proprietor. The horse was in a pasture belonging to one Cox, which did not adjoin the defendant's railroad. From this it escaped into a field belonging to one Barnett, and from that into a field belonging to one Gordon, and thence to the railroad. There is no evidence that the fences inclosing the fields or pastures of Cox, Barnett and Gordon, respectively, were not lawful. It was incumbent upon the plaintiff to show their defective character, and having failed to do so, the defendant's demurrer to the evidence ought to have been sustained. *Berry v. Railroad Co.,* 65 Mo. 172; *Harrington v. Railroad Co.,* 71 Mo. 384. The second in-

struction given for the plaintiff is erroneous. *Clardy v. Railroad Co.*, 73 Mo. 576; *Case v. Railroad Co.*, 75 Mo. 668; *Walther v. Railroad Co.*, 78 Mo. 617.

No brief for respondent.

EWING, C.—This suit was instituted before a justice, of the peace, to recover double damages for the killing of a horse by a locomotive and train of cars of defendant, in August, 1879, upon the following statement:

"Plaintiff states that the defendant is an incorporated company under the laws of this State, that on the —— day of August, 1879, at Lexington township, in Lafayette county, Missouri, at a point on the track of defendant's railroad in said township, where the same passed along and adjoining inclosed and uninclosed lands, and not at a private or public crossing of said road, the defendant, by its agents, running its locomotive and train of cars, run the same upon and over a black horse, the property of plaintiff, and of the value of $75, and thereby killed said horse; that defendant failed and neglected to erect or maintain good or sufficient fences on the sides of its road at the point where said horse got upon the track of said road and was killed, and that by reason of said killing, and by virtue of the 43rd section of chapter 63 of the General Statutes of Missouri, as amended by Laws of 1877. Whereupon plaintiff asks judgment for said sum of $75, the value of said horse, and that upon final judgment the same be doubled as provided by statute."

The plaintiff had judgment before the justice, and defendant appealed to the circuit court, where on a trial *de novo*, judgment was again rendered against defendant, from which it has appealed to this court.

Upon the trial in the circuit court defendant objected to the introduction of any testimony, alleging that the statement did not state facts sufficient to constitute a cause of action. The objection was overruled, and defendant ex-

cepted at the time. The same objection is urged in this court.

The evidence shows that plaintiff's horse was in a pasture of one Cox, whose land does not adjoin the railroad at any place; that the horse got out of Cox's pasture into the inclosure of one Barnett, and from Barnett's field into the inclosed field of one Gordon, and from Gordon's land to the track of defendant; that plaintiff's land is a half mile from the railroad of defendant; that the fence on Gordon's land along the side of the track of the line of defendant's road was not good about 200 yards from where the horse was killed, and there was a place near by where the railroad fence was not more than two and a half feet high; that the horse could have got on the track near the place where he was killed; that he was found on the bridge outside of the track hanging through the timbers of the bridge.

Defendant asked the following instructions, which were refused by the court, and to the action of the court in refusing said instructions, defendant excepted at the time:

2. That the defendant is not required to fence its line of railroad where it passes through, along or adjoining inclosed and cultivated fields or uninclosed lands, except for the benefit of adjoining proprietors; and if the plaintiff was not at the time of the happening of the injuries complained of, an adjoining proprietor, either as owner or one having the right of possession, then they will find for the defendant.

4. If the plaintiff's horse is shown by the evidence to have been in pasture, in an inclosure belonging to Cox, which said inclosure is from one-third to one-half a mile from defendant's right of way, and that said horse got out of said inclosure into an inclosure on the west thereof, belonging to Gordon and Mrs. Catron, or either or both of them, and from thence to defendant's right of way, or that said horse got out of said Cox's inclosure on the east side thereof into inclosures belonging to Barnett and Gordon,

or either or both of them, and from thence to defendant's right of way, or that said horse got out of said inclosure on the south side thereof into the inclosed field of Gordon, and from thence upon defendant's right of way, and that plaintiff was not an adjoining proprietor, and owned no lands adjoining the defendant's right of way, then they will find for defendant.

A statement similar to the one in the case at bar, was held to be sufficient by this court in the case of *Jackson v. St. L., I. M. & S. R'y Co.*, *ante*, p. 147; in that case the court says: "The statement that the defendant failed and neglected to erect or maintain good or sufficient fences where the mare got on the track, and the reference to section 809 of the Revised Statutes, imply that it was the duty of the defendant to erect and maintain fences at said place, and that the mare got on the track in consequence of such failure. Conceding that the implication stated is a conclusion of law, yet an issue raised on the statement of a legal conclusion, which presents the real point in controversy, will be regarded as sufficient after verdict."

No evidence was offered by plaintiff to prove that the fence inclosing Gordon's field, running to and adjoining the track of defendant, was not a lawful fence. Nor does the evidence show how the horse got into Gordon's field. If Gordon's fence was a lawful one, and the horse broke over it and got onto the track of defendant, the defendant is not liable. In *Harrington v. C., R. I. & P. R. R. Co.*, 71 Mo. 384, it was held that it was equally as incumbent upon the plaintiff, when not an adjoining proprietor, and not having the right to the possession, to show that the fence of the adjoining owner or proprietor was not a lawful fence, as it would have been if the horse had gone upon the track over a fence erected by the defendant along the line of its road under the statute. If the field of the adjoining owner or proprietor is sufficiently inclosed, that is all the protection strangers are entitled to. *Berry v. Railroad Co.*, 65 Mo. 172. In the case of *Harrington, supra*, the court says:

"The duty of fencing the sides of their roads through inclosed or cultivated fields, is imposed upon railroad companies for the benefit of the owner or proprietor of such fields and inclosures. * * The cattle of a stranger which are on the premises of the adjoining proprietor, without right, are not within the protection of the statute."

The fourth instruction, asked by the defendant, did not fairly present this question to the jury. It simply said, if the jury believe from the evidence that plaintiff was not an adjoining proprietor, that his horse got onto the right of way through an adjoining proprietor's inclosed field, they must find for the defendant. This is not enough. And the fourth instruction was properly refused.

The second instruction, asked by defendant, and refused, was properly rejected. It is too broad and unqualified. The first instruction, asked by the defendant, to the effect " that upon the record and the evidence adduced at the trial, the plaintiff cannot recover," should have been given ; because the evidence showing that the plaintiff was not an adjoining proprietor within the meaning of the statute, and that his horse escaped from a pasture not coterminous with the right of way ; and through the inclosed field of an adjoining proprietor ; it was necessary for him to prove, before he could recover, that his horse was in the adjoining proprietor's field by authority, or that the fence of the said field was not a lawful fence. 71 Mo. 384, *supra*; 65 Mo. 172, *supra*.

For refusing the first instruction asked by the defendant, the judgment must be reversed and the cause remanded. All concur.