Peddicord v. The Mo. Pac. Ry. Co.

PEDDICORD v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Pleading** : AMENDMENT : JUSTICE OF PEACE. An amended statement cannot be filed in the circuit court on appeal from a justice's court when no statement was filed in the latter court.

2. **Railroad** : DOUBLE DAMAGE ACT. Where in an action against a railroad under the double damage law (R. S. sec. 809) for the value of a bull killed by its train, the evidence shows that the bull was in a pasture which did not adjoin the railroad, and escaped therefrom into the pasture of one S., and thence onto the railroad track, there can be no recovery without proof also, that the fence through which the bull escaped into the pasture of S. was a lawful fence.

*Appeal from Lafayette Circuit Court.*—HON. JNO. P. STROTHER, Judge.

REVERSED.

*Robert Adams* and *G. N. Bowles* for appellant.

(1) The statute relating to amendments cannot be construed so as to authorize a judgment against a party not brought into court by a summons as required by law. (2) The court erred in overruling the defendant's demurrer to the evidence at the close of the case. By plaintiff's own testimony it appears that his bull was a trespasser upon the land of Stewart, and he failed to show that the partition fence between the two pastures was not a lawful one. *Berry v. Ry.*, 65 Mo. 172; *Harrington v. Ry.*, 71 Mo. 384.

*Graves & Shewalter* for respondent.

EWING, C.—The record in this case shows it to have been a proceeding by the plaintiff herein and against the defendant before a justice. The transcript of the justice of the peace shows that "complaint was filed, sum-

mons issued * * * returned, served as the law directs," etc., but the record does not contain a copy of the complaint before the justice, nor does it contain a copy of the summons or the constable's return thereon. There was judgment before the justice by default ; then an appeal to the circuit court, where upon motion of the plaintiff the court granted him leave to file an amended statement, which was done, and also asked leave for the constable to amend his return, and that the justice have leave to amend the original summons; all of which was granted. But no original summons nor any constable's return appears of record.

The defendant then moved the court to dismiss the suit for want of jurisdiction, and for insufficiency of the amended statement which was as follows : "The plaintiff for amended statement, filed by leave of the court first had and received, avers that the defendant is a corporation duly incorporated for railway purposes, and as such is now and was on the twenty-eighth day of July, 1881, operating a railroad, running from Sedalia, Pettis county, Missouri, to Lexington, Lafayette county, commonly known and called the Lexington branch of the Pacific railroad, which said road ran through Dover township, in said county ; that the defendant failed to erect and maintain along the line of said road, a good and sufficient fence where the same runs through enclosed and cultivated lands in said Dover township, in said county ; that on the twenty-eighth day of July, 1881, in Dover township, Lafayette county, Missouri, and not at a public crossing, or within the limits of any incorporated town or city, through the failure and neglect of the defendant, as aforesaid, to erect and maintain its fences, a fine and valuable bull of the plaintiff's got upon the railroad track of the defendant's in said Dover township, said county and state, and was by the engine and cars of the defendant then and there run and managed by the servants of the defendant in and about its business, so in-

jured and mangled in said Dover township that the same could not live and was by the agent of the defendant, afterwards killed. That said bull was of the value of one hundred dollars, for which sum of one hundred dollars and costs defendant (plaintiff) asks judgment, and that said judgment for one hundred dollars be doubled according to the provisions of the statute in such cases made and provided." The defendant then objected to any evidence being offered because the statement is not sufficient.

The evidence tended to prove the allegations of the statement, and upon cross-examination of the plaintiff, he stated : "I had the bull in Mr. Gordon's pasture; was pasturing him there. The bull got out of Mr. Gordon's pasture into Mr. Stewart's pasture, and from Stewart's pasture, by passing under the railroad bridge where the fence was down onto the railroad track where the fence was not good." Upon the close of the evidence the defendant demurred to the evidence, which was overruled, the case given to the jury and there was verdict and judgment for the plaintiff, from which the defendant brings the case here by appeal.

I. Section 2851 of the Revised Statutes, 1879, provides that "no formal pleadings upon the part of either plaintiff or defendant, shall be required in a justice's court, but before any process shall be issued in any suit, the plaintiff shall file with the justice the instrument sued on, or a statement of the account, or of the facts constituting a cause of action upon which the suit is founded." Section 2852 provides for a dismissal of the suit if no statement be filed. It follows that if there was no statement filed before the justice (and the record shows none), there was nothing on which to base the judgment of the justice, and of course nothing to amend. This would dispose of this case, but taking it for granted some statement was filed with the justice, we deem it best to further remark in the case.

II. The statement as amended we consider suffi-

Peddicord v. The Mo. Pac. Ry. Co.

cient; but the evidence discloses the fact that the bull did not get on the track from the premises of the plaintiff, but plaintiff had his bull in the pasture of a Mr. Gordon, out of which he escaped into the pasture of one Stewart, and from thence onto the railroad track at a place where the fence was not good. In *Berry v. St. L., S. & L. R. R. R. Co.*, 65 Mo. 172, it was held by this court that "the duty of fencing the sides of their roads, through enclosed and cultivated fields, is imposed upon railroad companies for the benefit of the owner or proprietor of such fields and enclosures." In other words, that if a railway company owns a road running through the enclosed and cultivated fields of A, and does not have its road fenced as the law directs, it would not be liable for damage done to the cow of B, provided the fence around A's field was a lawful fence. That, notwithstanding B's cow got onto the company's track, from A's field, where there was no fence between it and the railroad track, yet B could not recover unless he should show by the evidence that the outside fence around A's field was not a lawful fence at the place where his cow entered A's field. This decision was followed in *Harrington v. The Chicago, Rock Island and Pacific Railroad Company*, 71 Mo. 384, and again in *Johnson v. Mo. P. Ry. Co.*, 80 Mo. 620. In the case at bar the evidence of the plaintiff himself shows that the bull was in Gordon's pasture; escaped from there into one Stewart's pasture, and thence onto the railroad track. There was no evidence, whatever, as to the fence of Stewart; whether lawful or defective it is not shown; and without which, as shown by the decisions referred to, plaintiff cannot recover. And, therefore, for failing to sustain defendant's demurrer to the evidence, the judgment of the circuit court is reversed and the case remanded. All concur.