John D. L. Parks, Respondent, v. The Hannibal & St. Joseph Railway Co., Appellant.

Kansas City Court of Appeals, January 25, 1886.

1. Railroads—Liability of Under Section 809, Revised Statutes, for Injuries to Stock.—The requirement of the statute (Rev. Stat., sect· 809), that railroad corporations operating railroads in this state "shall erect and maintain lawful fences on the sides of the road where the same passes through, along, or adjoining inclosed or cultivated fields or uninclosed lands, with openings and gates, etc., * * * for the use of the proprietors or owners of the land adjoining such railroad," is mandatory ; and the law does not exact of the adjacent land owner the duty of demanding of such corporation that it obey the law.

2. ———— Waiver by Third Parties.—The adjacent land owners, in such a case, are not the agents of each other for the purposes of waiver of liability, and no one of them could waive the right of the other to hold the railroad company to its statutory obligation, but only for himself.

Appeal from Clinton Circuit Court, Hon. George W. Dunn, Judge.

*Affirmed.*

The case and facts are sufficiently stated in the opinion.

Thomas E. Turney and Strong & Mosman, for the appellant.

I. There was no evidence upon which to predicate the *first* instruction given for plaintiff, and it was calculated to mislead the jury.   There is absolutely *no* evidence that the *fence* was defective, and the *gate* could not be considered as included in it.   *Lester v. R. R.* (60 Mo. 265), would seem to be decisive of this point.

II. The *second* instruction asked for defendant and refused should have been given.   It places upon defendant the responsibility of erecting and equipping the gate ;

and if these fastenings were changed by a party using the gate, without objection from plaintiff or others, because of the substituted fastening, then defendant is released from liability for the loss. *Harrington v. R. R.*, 71 Mo. 384.

III. It was negligence in defendant to have a gate less than four and one-half feet high, and to have a rotten gate-post; but to entitle plaintiff to recover some connection must be shown between the negligence and the injury sued for. *Stoneman v. R. R.*, 58 Mo. 503; *Harlan v. R. R.*, 65 Mo. 22.

IV. If defendant was not guilty of negligence in allowing the parties, for whose use the gate was put in, to change the fastening, then the *time* that the gate has been so fastened cuts no figure in the case.

V. The motion for a new trial should have been sustained.

JOHN A. CROSS, for the respondent.

I. This action, being for double damages, the plaintiff's instructions properly placed the plaintiff's right to recover on the fact that defendant had failed to erect and maintain in repair good and substantial fences and gates between its railroad and defendant's field, and that in consequence of said gate or fence being so out of repair, plaintiff's horses escaped from his field onto the track of defendant's road, and were there killed.

II. Defendant's *second* instruction ignores the defects of the gate and posts, and asks a verdict on a single fact, being only *part* of the case. "Instructions of this character are dangerous, full of vice, and should not be given on any occasion." *Spohn v. Pacific R. R.*, Sup. Ct. Mo., not yet reported.

III. After fences have been erected as required by law, the company is only liable for a negligent failure to *maintain* such fences, and is entitled to a reasonable time in which to make repairs after having knowledge of a defect, *but after the period has elapsed, in which, by the exercise of reasonable diligence, it could have had*

*knowledge of such defect,* it is liable for all damages occasioned thereby. *Clardy v. R. R.,* 73 Mo. 576; *Case v. R. R.,* 75 Mo. 670; *Rutledge v. R. R.,* 78 Mo. 286; *Silver v. R. R.,* 78 Mo. 528; *Walthers v. R. R.,* 78 Mo. 617; *Young v. R. R.,* 82 Mo. 228; Sherman & Redfield on Negl., sect. 459, and cases cited.

IV.   The evidence fully supports the claim of plaintiff, that defendant had notice of defect, and that the loss was caused by its negligence.

PHILIPS, P. J.—This is an action to recover damages against the defendant, a railroad corporation, under section 809, Revised Statutes, for injuries to plaintiff's horses, resulting from defendant's failure to erect and maintain fences and gates at farm crossings, where the road runs through or along cultivated fields, etc.   The material portions of the evidence are substantially as follows:   At the point where the horses entered upon defendant's track and were killed, the defendant had, as part of its fence, erected a gate at a farm crossing for the use of the plaintiff and other adjacent land proprietors. The plaintiff's meadow, or pasture, adjoined the railroad right of way, and was separated therefrom by a fence built by defendant.   The gate, it is to be presumed, was originally properly constructed.   But the evidence showed that for one or two years prior to this injury, the gate was badly out of repair.   The statute, among other things, requires such gate "to be hung and have latches, or hooks."   The latch, or hook, fastening had either been broken or displaced, and a man named Miller had long prior to the accident put a leather strap for a fastening, attached at one end to a slat of the gate, and the other end went over a nail driven into the gate-post, by which the gate was closed.   The gate-post was rotten, and held up by the planks of the fence being nailed to it. This post was so defective that it could easily be pushed out of place, and the upper slat of the gate was broken off so that the gate was not over three and one-half feet high.   The gate swung back from plaintiff's pasture

toward the railroad, and when not attached by the strap would fall open, as the ground sloped that way. Defendant's stock agent had, some time before this injury, adjusted the claim of one of the adjoining land owners for a horse killed at this point; and his attention was called to the condition of this gate, and complaint made thereof to him by plaintiff. Plaintiff's horses were running in his pasture adjoining this fence, and the evidence tended to show, as conceded by appellant, that the horses passed through this fence at this gate by pressing it open, as the gate was found open shortly after the injury, and the nail seemed to be recently broken off. There was no evidence that any one had left the gate open. Plaintiff recovered judgment, and the defendant has appealed.

I. The only question deserving of consideration raised on the appeal, is the refusal of the court to grant defendant's request for the following instruction:

"2. If the jury believe, from the evidence, that the gate in proof was erected by defendant for the use and convenience of the owners of the adjoining lands, and was at the time of its erection properly hung and equipped with a hook and staple so that the same could be conveniently opened and shut, and further believe that afterwards the fastenings of the gate were changed by one of the parties using the same, and that no complaint was made to defendant by any one of the parties, for whose convenience said gate was erected, of the insufficiency of such fastening, they must find for the defendant, notwithstanding they may believe that the injury sued for was occasioned by the insufficiency of such fastening."

The contention of defendant's counsel is, that as the gate was constructed for the benefit and use of the adjoining land owners, they alone have the right to complain of its defective condition, and as the defendant originally constructed it with fastenings as required by the statute, if the adjoining proprietors, or either of them, substituted another mode of fastening the gate, and no complaint was made by plaintiff to defendant of the change, the defendant is excused, although the injury resulted from the insufficiency of such substituted fastening.

We are referred in support of this contention to the case of *Harrington v. R. R. Co.* (71 Mo. 384). The case, in our opinion, is not parallel. It depended on an entirely different state of facts, and the conclusion and language of the judge in delivering the opinion must be understood and interpreted in reference to the facts of the case under consideration.

The farm crossing and gate there were made for one Miller, who was the adjoining land owner. Instead of a gate the road had provided sliding panels in the fence, which Miller testified were satisfactory to him. This panel was of lawful height, and in good repair. The plaintiff was not an adjoining proprietor, and his horse escaped onto the road by first breaking through Miller's inclosure, and thence through the panel in the fence onto the railroad. Miller himself had left this panel open just before the accident. There was no evidence that Miller's fence was defective.

The plaintiff, therefore, encountered two insuperable obstacles in the way of a recovery. His horse was on the premises of Miller wrongfully, and the passway to the railroad track, which was satisfactory to him for whom it was made, was left open without the fault of the company. Hence, the fact that the gateway was not according to the statutory prescription "was a matter of which no one but Miller could complain." Whereas, in the case at bar, the plaintiff was the adjoining land owner, for whose use and protection the gate was built, and should have been maintained. Defendant did not maintain this gate, nor its fastenings, in proper condition, but suffered them to become out of repair and to so remain for an unreasonable length of time. The evidence does not show that the plaintiff was satisfied with this substituted fastening. On the contrary, he complained of it. He never authorized the leather strap and nail to be placed there. No one of the adjacent proprietors was the agent *per se* of the other in such matter. The statute made it the plain duty of the defendant, before it can be exempt from the statutory liability for killing plaintiff's horses, to main-

tain such gate, and in such way as the statute prescribes, and no one could waive this right of the plaintiff to hold defendant to its statutory obligation, but himself.   Forsooth, that the company for a long period had neglected the performance of this duty gave it no prescriptive right to continue in wrong doing, or immunity against the statutory penalty.   Nor does the law exact of the adjacent land owner the duty of demanding of the defendant that it obey the law.   The mandate of the statute is a perpetual warning to the delinquent corporation.

The other judges concurring, the judgment of the circuit court is affirmed.