A. SMITH ET AL., Respondents, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellants.

### St. Louis Court of Appeals, February 9, 1886.

JUSTICES—PRACTICE ON APPEAL—TIME OF TRIAL.—On appeal from the justice of the peace to the circuit court, the appearance of the respondent on the second day of the return term, gives him the right to have the cause tried or continued, but does not entitle him to an affirmance for failure to prosecute the appeal; and a judgment of affirmance thus obtained, is void.

APPEAL from the Wayne County Circuit Court, JOHN N. WEAR, Judge.

*Reversed and remanded.*

GEORGE H. BENTON, for the appellant.

ROMBAUER, J., delivered the opinion of the court.

This was a suit instituted before a justice of the peace of Wayne county, to recover double damages under the provisions of sect. 809 of the Revised Statutes.

Judgment against the appellant was rendered by the justice on May 25, 1885, by default. On May 28, 1885, the case was appealed to the circuit court of Wayne county. On the thirtieth day of June, 1885, the appeal papers were filed in the office of the clerk of the circuit court of Wayne county, by the justice, at the August term of said circuit court. Thereafter, on the second day of the term the appellee entered his appearance. On the sixth day of the same term the following judgment was entered :

"Now, again comes the said plaintiff and having heretofore, at this term of court, by his attorney, entered his appearance herein, and this cause coming on for trial, and the defendant being called, comes not, and fails to further prosecute its appeal herein ; wherefore, it is considered and adjudged by the court that the judgment of the justice in this cause be and the same is hereby affirmed, and that plaintiff have and recover of and from the defendant and Frederick Hill and S. D. Barlow, its sureties on its recognizance, the sum of eighty dollars, being the amount of the judgment of the justice in this cause, together with his cost and charges in this behalf expended, and have execution therefor."

From this judgment the defendant has duly appealed to this court.

The only point submitted for our consideration is whether, upon this showing, the justice's judgment could legally be affirmed at the first term.

That this could not be legally done, is apparent from the statute, and the construction put upon it by the supreme court. Rev. Stat., sects. 3056, 3057; *Berry v. Union Trust Co.*, 75 Mo. 430, 433.

As the appellees entered their appearance on the second day of the term, the cause at their option might have been tried at that term. The judgment, however, shows upon its face that the cause was not tried, within the meaning of section 3056, but that the court simply affirmed the justice's judgment which, under

the circumstances, it could legally do only at a subse-quent term.

It seems to be elementary that where the judgment entry itself discloses the irregularity of the pro-ceeedings, as this judgment entry does, no presumptions can be indulged in favor of its regularity. Moreover this has been expressly decided in *Snider v. St. L., I. M. & S. Ry. Co.* (73 Mo. 468).

The judgment is reversed and the cause remanded. All the judges concur.