J. M. CARPENTER, Respondent, v. ST. LOUIS, IRON
MOUNTAIN & SOUTHERN RAILWAY COMPANY,
Appellant.

### St. Louis Court of Appeals, March 8, 1887.

1. RAILROADS—FENCES—DOUBLE DAMAGES.—Only the adjoining owner
or persons holding under him can recover, under section 809, of
the Revised Statutes, for injury to cattle which go upon the rail-
road track because of the insufficiency of the railroad fence.

2. ————— The owner of cattle trespassing on lands adjoining a rail-
road can not recover of the railroad company by showing that the
cattle got upon the track, owing to the insufficiency of the railroad
fence, where it appears that the other three sides of the land were
surrounded by a lawful fence.

APPEAL from the Wayne County Circuit Court,
JOHN G. WEAR, Judge.

*Reversed and remanded.*

GEORGE H. BENTON, for the appellant: There was
no evidence that the stock sued for in this case was
rightfully in the pasture of the adjoining proprietor,
which pasture was, by the evidence, shown to have been
surrounded by a good and sufficient fence. Therefore,
the railroad company owed no obligation to fence
against stock of a stranger by keeping the railroad fence
inclosing said pasture in repair. The court, therefore,
erred in refusing the defendant's declaration of law, and
in finding judgment for the plaintiff. *Berry v. Railroad*,
65 Mo. 172; *Harrington v. Railroad*, 71 Mo. 384;
*Peddicord v. Railroad*, 85 Mo. 160.

THOMPSON, J., delivered the opinion of the court.

This was an action commenced before a justice of
the peace to recover double damages, under section 809

Revised Statutes, for the killing of the plaintiff's bull by one of the defendant's trains.   On trial anew in the circuit court, by the judge sitting as a jury, the plaintiff had a verdict and a judgment thereon for twenty-four dollars, double the value of the bull, as shown by the evidence.

The evidence, as recited in the bill of exceptions, tended to establish the following facts:   That the bull sued for was the property of the plaintiff, of the value of twelve dollars, and was killed in Williams township, Wayne county, in January, 1885, by a train of cars on the defendant's road, where the law requires the railroad company to build fences ; that fences had been built by the defendant, but they were in bad condition and down in several places, and had been in that condition for a long time, and the defendant had notice of such condition ; that said bull came onto said rail-road from a pasture belonging to John Carpenter, the plaintiff's brother, and through a defect in the railroad fence running along the side of said pasture ; that the other three sides of said pasture were surrounded by a good fence sufficient to turn stock, said fence being in some places about six feet high and connecting on to the railroad fence.   This was all the evidence in the case.

The defendant requested the following instruction, which the court refused:

"The court declares it to be the law of this case, that the duty to fence its road by a railroad company is for the benefit of the adjacent land owner, and if it appear from the evidence in this case that the plaintiff's bull herein sued for strayed upon the defendant's road through a defect in the railroad fence, along the side of the pasture of Mr. John Carpenter, and that the other sides of said pasture were surrounded by a good legal fence, sufficient to turn stock, that the plaintiff can not recover in this action."

The settled construction of the statute is, that the

obligation to fence, thereby imposed upon the railroad company, is enacted for the benefit of adjoining proprietors only, and not for the benefit of strangers, who have not the legal right to use the adjoining land and farm crossings. *Berry v. Railroad*, 65 Mo. 172; *Harrington v. Railroad*, 71 Mo. 384; *Johnson v. Railroad*, 80 Mo. 620; *Peddicord v. Railroad*, 85 Mo. 160. When, therefore, in such an action it appears that the plaintiff's animal got upon the defendant's track from an adjoining field of another proprietor, at a place where the defendant did not maintain the fence required by the statute, the plaintiff must, in order to make out his case, prove that the sides of the field of such a proprietor, other than those adjoining the railroad, were not everywhere surrounded by a lawful fence (*Harrington v. Railroad, supra; Johnson v. Railroad, supra; Peddicord v. Railroad, supra*); or, as we have just held in *Smith v. Railroad* (*post*, p. 113), that the animal was lawfully upon the field and not trespassing there. It does not appear that the plaintiff in this case gave any evidence tending to prove either of these facts, essential to his recovery, and, by the above decisions, the burden was upon him. Instead of this, the above recitals of the evidence tend to show that the contrary was the fact. He was, therefore, not entitled to recover, upon the case presented by the evidence.

Moreover, as the burden of proof was upon the plaintiff to show that the field of John Carpenter, from which the plaintiff's animal strayed upon the track of the defendant, was not anywhere surrounded by a lawful fence, on its sides not contiguous to the railroad, in the absence of any evidence on the subject, the court would have been bound to find, for the purposes of the case, that it was so surrounded by such a fence. In the state of the evidence, leaving out of view the question whether, had the burden been on the defendant, the above recitals would have shown a lawful fence on the

other three sides of John Carpenter's field, the defendant was entitled to the instruction requested.

The judgment is accordingly reversed, and the cause remanded, all the judges concurring.

