ALBERT SMITH, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

### St. Louis Court of Appeals, March 8, 1887.

1. RAILROADS—FENCES—DOUBLE DAMAGES.—Only the adjoining owner, or persons claiming under him, can recover under Revised Statutes, section 809, for injuries to cattle which go upon the railroad track, because of the insufficiency of the railroad fence.

2. ——— If the cattle are upon the land under license of the land owner, the burden of showing this fact is upon the plaintiff.

3. ——— The owner of cattle trespassing on lands adjoining a railroad can not recover of the company by showing that the cattle got upon the track owing to the insufficiency of the railroad fence, where it appears that the other three sides of the land were surrounded by a lawful fence.

APPEAL from the Wayne County Circuit Court, JOHN G. WEAR, Judge.

*Reversed and remanded.*

GEORGE H. BENTON, for the appellant.

THOMPSON, J., delivered the opinion of the court.

This action was brought before a justice of the peace, under the provisions of section 809, Revised Statutes, to recover double damages for killing the plaintiff's cow. It was before this court on a former appeal (20 Mo. App. 689). After being remanded to the cir-

VOL. XXV—8

cuit court, it was tried anew before the court, sitting as a jury, and a judgment was rendered for twenty-five dollars, double the value of the cow as shown by the evidence. The defendant introduced no evidence. The evidence introduced by the plaintiff, as recited in the bill of exceptions, tended to show the following facts : " The cow sued for was the property of the plaintiff, and was injured to the extent of twelve dollars and a half, in Williams township, Wayne county, in January, 1885, by being struck by a train of cars on the defendant's railroad, where the law required the railroad company to build fences ; that fences had been built by the defendant, but they were in bad condition, and down in several places, and had been in that condition for a long time ; that the defendant had notice of such condition ; that said cow came onto the railroad, from a pasture, where she had been turned in by the plaintiff to graze, through a defect in the railroad fence running along the side of the said pasture ; that the said pasture belonged to one John Carpenter ; that the three remaining sides of the said pasture were surrounded by a good fence sufficient to turn stock, and joining on to the railroad fence."

The defendant introduced no testimony.

The defendant requested the court to declare the law as follows :

"The court declares it to be the law in this case, that the duty to fence its road by a railroad company is for the benefit of the adjacent land owner, and, if it appear from the evidence in this case, that the plaintiff's cow, herein sued for, strayed upon the defendant's road through a defect in the railroad fence along the side of the pasture of one John Carpenter, and that the other sides of the said pasture were surrounded by a good legal fence, sufficient to turn stock, then the plaintiff can not recover in this action."

It will be perceived that the question is substantially the same as in the case of *Carpenter v. The St. Louis, Iron Mountain & Southern Railway Company,*

(*ante*, p. 110), and we may refer to our opinion in that case, for the chief grounds for our decision in this case. There is, however, this difference between the evidence in that case, and the evidence in this case: In that case, the evidence did not show how the plaintiff's bull came to be in the field of John Carpenter, from whence it strayed upon the defendant's track; but, in this case, the evidence shows that the plaintiff's cow had been turned, by the plaintiff, into a pasture belonging to John Carpenter, to graze, from which pasture she strayed upon the defendant's track. It was incumbent on the plaintiff to show such a state of facts, as raised a duty on the part of defendant *toward him*, to maintain a sufficient fence along the side of its railroad, where it passed through a pasture of John Carpenter. As a general rule, this duty exists only in favor of the adjoining land owner. *Berry v. Railroad*, 65 Mo. 172; *Harrington v. Railroad*, 71 Mo. 384; *Johnson v. Railroad*, 80 Mo. 620; *Peddicord v. Railroad*, 85 Mo. 160. But the cases just cited were all cases where the animal was a *trespasser* upon the field, from whence it escaped upon the railway, and, consequently, they called for the application of the rule, that the duty to fence, imposed by the statute upon the railway company, does not exist for the benefit of a *stranger* to the owner of such field. If the question were properly before us for decision, we should not be prepared to hold, that the duty does not also exist in favor of any lessee, occupier, or licensee of the owner of the land, whose cattle are lawfully upon the land, with his consent, express or implied. If, therefore, the evidence in this case had shown that the plaintiff had turned his cow upon John Carpenter's land, to pasture, with *the consent of John Carpenter*, we should not be prepared to say that he could not maintain this action. In our opinion, the duty to fence, imposed by the statute upon the railroad company, exists in favor of every person, whose animals are lawfully within the adjoining field.

But it was incumbent upon the plaintiff to show that fact, in order to make out his case. This is a penal action ; the burden is upon him to bring himself within the terms and meaning of the statute creating the penalty ; he must show the necessary facts and is not helped out by the mere presumption of right acting. The evidence, as above recited, is not sufficient to support the judgment.

In the state of the evidence the instruction requested by the defendant should have been given ; but if it shall appear on another trial that the plaintiff's cow was grazing in the pasture of John Carpenter, under his license or with his consent, the instruction will not be applicable ; the plaintiff will stand in the position of a lawful occupier of the pasture, and the condition of the fence on the sides of the pasture, not contiguous to the railway, will be immaterial ; the case will not be within the rule laid down in any of the cases before cited, but the plaintiff will, if his evidence is otherwise than as before given, be entitled to recover unless a sufficient defence is shown.

The judgment will be reversed, and the cause remanded. It is so ordered. All the judges concur.