JAMES M. SUMMERS, Respondent, v. THE HANNIBAL &
ST. JOSEPH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, February 6, 1888.

1.  RAILROADS—ACTION FOR DAMAGES UNDER SECTION 809, REVISED
    STATUTES— NECESSARY AVERMENTS OF STATEMENT — CASE AD-
    JUDGED.—In an action, under section 809, Revised Statutes, for the
    killing of stock, it is necessary for the statement or petition to al-
    lege, by direct averment or necessary implication, that the stock
    got upon defendant's railroad track at a point where, by the law,
    defendant was required to erect and maintain a fence. But the
    allegations may be made in the words of the statute. *Held*, that
    the statement in this case does neither.

2.  —— OBLIGATION TO FENCE UNDER SECTION 809, REVISED STAT-
    UTES, AND FOR WHOSE BENEFIT.—The settled construction of sec-
    tion 809, Revised Statutes, is, "that the obligation to fence thereby
    imposed upon the railroad company is for the benefit of adjoining
    proprietors only and not for the benefit of strangers, who have not
    the legal right to use the adjoining land and farm crossings."
    But the duty exists "in favor of any lessee, occupier, or licensee
    of the owner of the land, whose cattle are lawfully upon his land,
    with his consent, express or implied," and the burden is upon the
    plaintiff to bring himself within the terms and meaning of the
    statute.

APPEAL from Macon Circuit Court, HON. ANDREW
ELLISON, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

STRONG & MOSMAN, for the appellant.

I.    The court erred in overruling defendant's objec-
tion to any evidence on plaintiff's part. The complaint
did not state facts sufficient to constitute a cause of ac-
tion under the statute. Rev. Stat., sec. 809 ; *Pier v.
Heinrichoffen*, 52 Mo. 336 ; Rev. Stat., sec. 3511 ;
*Aubuchon v. Railroad*, 52 Mo. 522 ; *Asher v. Railroad*,
79 Mo. 432 ; *Kennayde v. Railroad*, 45 Mo. 258 ; *State
to use v. Clark*, 42 Mo. 522–3, and cases cited; *State ex*

*rel. v. Williams*, 77 Mo. 467. It did not state a cause of action at common law. *Kneale v. Price*, 21 Mo. App. 295 ; *Comings v. Railroad*, 48 Mo. 516.

II. The court erred in giving instruction number one asked by plaintiff. It enlarged the issues beyond the allegations in the petition. *Bank v. Armstrong*, 62 Mo. 64 ; *Bank v. Murdock*, 62 Mo. 78 ; *Melvin v. Railroad*, 89 Mo. 107-8 ; *Benson v. Railroad*, 78 Mo. 513 ; *Ely v. Railroad*, 77 Mo. 36 ; *Wade v. Hardy*, 75 Mo. 399 ; *Rothschild v. Frensdorf*, 21 Mo. App. 322 ; *Stones v. Richmond*, 21 Mo. App. 21 ; *Kennedy v. Kline*, 19 Mo. App. 19. It assumes facts as proved of which there is no proof. *White v. Cheney*, 20 Mo. App. 397 ; *Lester v. Railroad*, 60 Mo. 268-9. It omits to instruct upon all the facts necessary to authorize recovery. *Beauchamp v. Higgins*, 20 Mo. App. 514. It did not limit the amount of the verdict within the claim made in the complaint. *Crews v. Lockland*, 67 Mo. 619. The second instruction given at plaintiff's request was erroneous. It comments on the testimony—omits part of the necessary elements of the action under the statute ; is purely speculative and general. Cases cited, *supra*.

III. The court erred in refusing the instruction asked by defendant. See cases cited.

IV. No evidence was offered that the fence inclosing Owen's pasture was not a lawful fence ; nor does the evidence show how the plaintiff's animal got into Owen's pasture. *Johnson v. Railroad*, 80 Mo. 624 ; *Harrington v. Railroad*, 71 Mo. 334. The statute is not for the benefit of strangers, not adjoining proprietors. *Berry v. Railroad*, 65 Mo. 172.

V. The motion for new trial should have been sustained. Cases cited, *supra*.

VI. The motion in arrest should have been sustained. Cases cited, *supra*.

SEARS & GUTHRIE, for the respondent.

I. The complaint was well enough. *Marrett v. Railroad*, 84 Mo. 413 ; *Jackson v. Railroad*, 80 Mo. 147.

The requisite facts appear by necessary implication. *McClellan v. Railroad*, 4 West. Rep. 754.

II. The evidence shows the facts as to the animal killed; the work of defendant upon the fence; and that the killing was by defendant's cars. The evidence was amply sufficient to justify the verdict. *Mayfield v. Railroad*, 91 Mo. 296.

III. The sole legitimate inference, or rather the direct and unequivocal import, of Owen's testimony is, that the mare was legitimately in Owen's pasture and that he was consenting to and permitting the same, and that the case is in the purview of the statute.

IV. Plaintiff's first instruction may be technically wrong in omitting to add to it the words, "not to exceed two hundred dollars, the amount claimed in his statement." But such error could not and did not prejudice defendant's right, as the verdict was for only one hundred and fifty dollars. The omission was harmless and not reversible error. *Breckinridge v. Ins. Co.*, 87 Mo. 62, 73. The second instruction was proper and was supported by the evidence. The most that can be legitimately said against it is, that it was possibly unnecessary and a verdict without it would have been good. It in no wise tended to prejudice any right of the defendant. *Hedecker v. Ganzhorn*, 50 Mo. 154.

V. The verdict is manifestly for the right party and should not be disturbed. *Bridge Co. v. Ring*, 58 Mo. 491; *Fell v. Mining Co.*, 23 Mo. App. 216; *Lewis v. Curry*, 74 Mo. 49, 53; *Dunn v. Railey*, 58 Mo. 134.

HALL, J.—This was an action under section 809, Revised Statutes, begun before a justice of the peace, for the recovery of double damages for the killing by defendant of plaintiff's mare.

It was necessary for the statement or petition to allege, by direct averment or necessary implication, that the plaintiff's mare got upon the defendant's railroad track at a point where, by the law, the defendant was required to erect and maintain fences. *Manz v. Rail-*

*road*, 87 Mo. 281; *McIntosh v. Railroad*, 26 Mo. App. 381. It was held that the petition may make said allegations in the words of the statute, imposing the duty upon railroad companies to erect and maintain fences, as, for instance, by alleging, "that the animal strayed upon the track, etc., where said railroad passes along, through, and adjoining enclosed or cultivated fields, or unenclosed lands, and was killed," etc. *Manz v. Railroad, supra; McIntosh v. Railroad, supra; Williams v. Railroad*, 80 Mo. 597; *Dorman v. Railroad*, 17 Mo. App. 339; *Mayfield v. Railroad*, 91 Mo. 298; *Ringo v. Railroad*, 91 Mo. 670.

The material averments of the statement in this case are as follows: "That, on the said eleventh day of November, 1886, said mare casually, and without fault of the plaintiff, strayed upon the ground and track of said railroad, in said township and county; that, while said mare was so on said track of the said railroad, the defendant, by its agents and servants, ran the locomotive and the cars of the defendant against the same, and wounded and killed said mare; that the defendant has failed to erect and maintain a good and substantial fence where the said mare strayed upon said track, and was wounded and killed, and the same was not within the corporate limits of any city or town; that, by reason of the said failure of the defendant to erect and maintain good and substantial fences, as aforesaid, the said mare was wounded and killed. Wherefore, the plaintiff was damaged in the sum of two hundred dollars, and prays judgment for four hundred dollars, double the amount of damages so sustained, and costs."

The statement contains no direct averment that the plaintiff's mare got upon the defendant's railroad track at a point where, by the law, the defendant was required to erect and maintain fences. The question is, is the allegation of such fact made in the statement by necessary implication? The statement seeks to make such allegation, by implication, by averring that the point at which the mare went upon the defendant's

railroad track was not "within the corporate limits of any city or town." Had it been the defendant's duty to erect and maintain fences everywhere outside of cities and towns, the averment that the mare strayed upon the defendant's track at a point not within a city or town, would have necessarily implied that the defendant was required by law to erect and maintain fences at said point. But, under the statute, it was the duty of defendant to erect and maintain fences, not everywhere outside of towns and cities, but "everywhere outside of towns and cities, *except at public crossings and depot grounds.*" *Morris v. Railroad*, 79 Mo. 391. Therefore, the averment cannot be held to necessarily make such implication, because it does not appear from the averment that the mare did not go upon the railroad track, either at a public crossing, or within the grounds of some depot. *McIntosh v. Railroad, supra.*

*Jackson v. Railroad*, 80 Mo. 147, is not an authority in favor of the sufficiency of the statement in this case. The statement in that case alleged: "That on the twentieth day of March, 1880, in Poplar Bluff township, in Butler county, and state aforesaid, and where its said railroad was not fenced, and where there was no crossing on said railroad, the defendant, by its agents and servants, while running its locomotive and train of cars on its said railroad, did then and there run over one mare, the property of plaintiff, and of the value of sixty dollars, and thereby killed her; that defendant had failed and neglected to erect and maintain good and sufficient fences on the sides of its said railroad, where said mare got on the track and was killed; that, by reason of the killing of said mare as aforesaid, and by virtue of section 809, of the Revised Statutes of the state of Missouri, judgment is prayed for one hundred and twenty dollars, being double the value of said mare, killed as aforesaid, together with costs." The statement was held sufficient. The court said: "The statement that the defendant failed and neglected to erect or maintain good or suffi-

cient fences where the mare got on the track, and the reference to section 809, of the Revised Statutes, imply that it was the duty of the defendant to erect and maintain fences at said place, and that the mare got on the track in consequence of such failure." The statement in the present case makes no reference to section 809. This difference between the statement here and the statement in the case just cited is material.

In *Morrow v. Railroad*, 82 Mo. 171, the statement averred that the hogs "strayed upon the track of defendant's road at the times and places above stated, etc., where the road was not fenced with a good and sufficient fence, and not at any public or private crossing," etc. It was not averred that the plaintiff sued under section 809. The court held the statement insufficient, saying: "But it is nowhere averred that the point where they so entered was where, by the law, the defendant was required to build a fence, *or that he sues under* section 809. The point where the hogs got upon the track may have been inside the corporate limits of a town, where streets and alleys were laid off and in use, and where no obligation is imposed, by law, on defendant to fence, and yet this statement be true in fact. Nor is there any equivalent fact stated by which this inference might be negatived." And it is added that *Jackson v. Railroad*, *supra*, did not uphold the statement.

The statement held good by this court in *McClellan v. Railroad*, 4 West. Rep. 754, was in all respects the same as the statement in *Jackson v. Railroad*. For the reason just given, the case cannot be considered as upholding the statement in the present case.

In the statement, held good in *Marrett v. Railroad*, 84 Mo. 413, it was alleged that the animal went upon the track at a point, "not in the corporate limits of a city or town, and not at a public crossing, where said road was not enclosed by a good and lawful fence." In the statement in the present case there is no allegation that the place where the animal went upon the track was not at a public crossing.

The statement in this case must be deemed insufficient under the authorities cited, and especially under the case of *Morrow v. Railroad, supra.* The mare was in the pasture of one Owen, on the north side of the railroad track, and went from the pasture through the defective railroad fence on to the track. The defendant introduced no evidence, but asked an instruction in the nature of a demurrer to the evidence, which the court refused. The settled construction of section 809, Revised Statutes, is, "that the obligation to fence, thereby imposed upon the railroad company, is enacted for the benefit of adjoining proprietors only, and not for the benefit of strangers, who have not the legal right to use the adjoining land and farm crossings." *Carpenter v. Railroad,* 25 Mo. App. 110, and cases cited. This general rule is, however, to be understood with this explanation, that the duty imposed by the statute exists also "in favor of any lessee, occupier, or licensee of the owner of the land, whose cattle are lawfully upon the land with his consent, express or implied." *Smith v. Railroad,* 25 Mo. App. 115. "When, therefore, in such an action, it appears that the plaintiff's animal got upon the defendant's track from an adjoining field of another proprietor, at a place where the defendant did not maintain the fence required by the statute, the plaintiff must, in order to make out his case, prove that the sides of the field of such proprietor, other than those adjoining the railroad, were not everywhere surrounded by a lawful fence." *Carpenter v. Railroad, supra.* Or that the animal was lawfully upon the field and not trespassing there. *Smith v. Railroad, supra.* In the latter case, as an action on the statute is a penal action, the burden is upon the plaintiff to bring himself within the terms and meaning of the statute creating the penalty ; "he must show the necessary facts, and is not helped out by the mere presumption of right acting." *Smith v. Railroad, supra.* There was no evidence in this case that the plaintiff's mare was rightfully in Owen's pasture. It is true that from the statement made by Owen, in tes-

timony, that the mare was in his pasture, it was inferable that Owen knew the mare was there, but we cannot perceive how it was fairly or reasonably inferable that the mare was there with his consent. The statement made by Owen was the bare statement that the mare was in his pasture. It did not appear from the evidence how long the mare had been in the pasture, or how she had gotten there, or how long Owen had known she was there. Owen's very words are: " She was on the north side of the road in my pasture." We repeat that, from that statement, the inference cannot be reasonably drawn that the mare was in Owen's pasture with his consent. Under the evidence the court should have instructed the jury to find for the defendant.

For the errors mentioned the judgment is reversed and cause remanded. All concur.