HENRY E. FERRIS, Respondent, v. ST. LOUIS & HANNIBAL RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, March 27, 1888.

DAMAGES—KILLING STOCK ON RAILROAD.—Where the owner of a mare killed by the defendant's railway train was not an adjoining landowner, nor a next adjoining owner, and where the animal had strayed from the owner's field four miles from the railroad, and passed, as a trespasser, over the lands of several intervening proprietors before reaching the railroad, there can be no recovery by such owner against the company on the ground of its failure to maintain a sufficient fence along the track, under the provisions of Revised Statutes, section 809.

APPEAL from the Lincoln Circuit Court, HON. E. M. HUGHES, Judge.

*Reversed and remanded.*

THEODORE G. CASE and JAMES H. ORR, for the appellant: It is obvious that the law of 1885 was a natural consequence of the decisions of this court and of the Supreme Court, that the railroad company is not liable under section 809 of the Revised Statutes, unless the animal was injured by contact with the engine or train of the railroad company. *Boggs v. Railroad*, 18 Mo. App. 274; *Gilbert v. Railroad*, 23 Mo. App. 65; *Seibert v. Railroad*, 72 Mo. 565. The testimony of the plaintiff discloses indisputably that the farm of his father, upon which the mare was being pastured, was fully four miles distant from the railroad, and that numerous fields lay between the farm, belonging to other and distinct proprietors, and the railroad. *Berry v. Railroad*, 65 Mo. 172; *Harrington v. Railroad*, 71 Mo. 384; *Peddicord v. Railroad*, 85 Mo. 160; *Johnson v. Railroad*, 80 Mo. 620; *Busby v. Railroad*, 81 Mo. 49; *Stanley v. Railroad*, 84 Mo. 631; *Carpenter v. Railroad*, 25 Mo. App. 110; *Smith v. Railroad*, 25 Mo. App. 115.

R. H. NORTON, for the respondent : Respondent was entitled to recover, notwithstanding his mare went on to appellant's roadway from the field of an adjoining proprietor, provided the fence around such adjoining proprietor's field was not a lawful fence, and such fact is shown. *Smith v. Railroad*, 25 Mo. App. 113 ; *Harrington v. Railroad*, 71 Mo. 384 ; *Peddicord v. Railroad*, 85 Mo. 163. As to the failure of the court to sustain defendant's demurrer to plaintiff's evidence, defendant waived its demurrer when it proceeded with its case and supplied the defects in plaintiff's evidence. *Cadmus v. Bridge Co.*, 15 Mo. App. 96 ; *Goodger v. Finn*, 10 Mo. App. 226. The mare was not a trespasser on Tuttle's field ( from which field the evidence shows she went on to defendant's track ), unless the fence around this particular field was a lawful fence. The only matter plaintiff was required to prove on this point was that this field was not surrounded by a lawful fence on the sides other than the one contiguous to defendant's road, where the animal got over. *Carpenter v. Railroad*, 25 Mo. App. 110 ; *Peddicord v. Railroad*, 85 Mo. 163.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action against a railroad company for killing plaintiff's mare. The statement upon which the cause was tried contained two counts. The first was based upon section 809 of the Revised Statutes, and sought to recover double damages as a penalty for defendant's failure to maintain a sufficient fence at the place where the animal got upon the track. The second was based on the statute of March 31, 1885 (Laws 1885, p. 92), and sought to recover the value of the animal and attorneys' fees, for the causes provided in said act.

The plaintiff dismissed the second count upon the trial and proceeded to the jury on the first count alone. He had a verdict for one hundred and thirty dollars, the value of the animal, as found by the jury, and the

court, upon such verdict, entered a judgment against defendant for two hundred and sixty dollars. The appeal is prosecuted from this judgment.

A number of errors are assigned, but under the view we take of the case it is necessary to notice but one, namely, that the evidence fails to support the verdict.

The evidence is conclusive that plaintiff was not an adjoining land-owner, nor a next adjoining owner. In fact it stands conceded that his field from which the mare strayed was four miles in a direct line from the defendant's track, the lands of a number of other proprietors intervening. It does not appear that the mare was in the field adjoining the railroad's right of way, or in the field next adjoining, by the license or consent, express or implied, of either of the owners; on the contrary, it expressly appears that the mare, after leaving plaintiff's premises, traversed the lands of a number of intervening proprietors as a trespasser.

On this state of the evidence there can be no recovery against the defendant under the provisions of section 809. The provisions of that section are penal, and for the protection of the adjoining owner only. *Berry v. Railroad*, 65 Mo. 172; *Harrington v. Railroad*, 71 Mo. 384; *Johnson v. Railroad*, 80 Mo. 620; *Busby v. Railroad*, 81 Mo. 49; *Stanley v. Railroad*, 84 Mo. 631; *Peddicord v. Railroad*, 85 Mo. 160; *Carpenter v. Railroad*, 25 Mo. App. 110; *Smith v. Railroad*, 25 Mo. App. 115. We intimated in the case last above cited that the duty to fence imposed by the statute upon the railroad company exists in favor of every person whose animals are lawfully within the adjoining field, but previous parts of the opinion show that, by the term lawfully, the court meant under some contract with the owner or occupant, express or implied.

The fact that the language employed in some of the cases hereinabove cited is to the effect that there can be no recovery by a stranger, provided that the land of the adjoining owner is surrounded by a lawful fence on

sides not adjoining the railroad's right of way, has led the trial court into the error of holding that where the adjoining land is not thus enclosed there may be a recovery by a stranger whose lands are ever so remote. This is a total misconception of the statute. The logical deduction from *Berry v. Railroad, supra,* where the law is fully discussed, and from subsequent cases, is this: The adjoining owner may waive a fence on that part of his land adjoining the railroad, in which event his other fences stand as railroad fences, and the owner next adjoining may have a cause of action against the road for double damages if such fences are insufficient. To hold that any one, however remote his land may be, is an adjoining owner within the spirit of the statute, and has a cause of action against the railroad company for double damages unless it affirmatively appears that there is a lawful fence somewhere, shutting his land out entirely from the railroad track, would be in effect a total disregard of the construction put upon the statute from the date of its first enactment to the present date.

As the evidence adduced did not warrant a judgment for double damages under the provisions of section 809, the judgment must be reversed. Reversed and remanded. All the judges concur.