J. B. HENDRIX, Respondent, v. ST. JOSEPH AND ST. LOUIS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 2, 1889.

*Rehearing denied, January 6, 1890.*

Railroads: KILLING STOCK: FENCES: NON-ADJOINING PROPRIETOR
The statute requires railroads to be fenced for the benefit of the adjoining proprietor, and if his field has, on its three sides, a lawful fence, it cannot avail a stranger, whose stock is injured, that the railroad track is defectively fenced from the field, or not fenced at all, unless he shows that his stock was in an adjoining field, by some agreement with the owner thereof.

*Appeal from the Ray Circuit Court.*—HON. J. M. SANDUSKY, Judge.

REVERSED AND REMANDED.

*G. Lathrop, C. T. Garner, Sr., & Son,* and *S. W. Moore,* for the appellant.

(1) The petition is fatally defective, in failing to allege that plaintiff is an adjoining owner, or that his animals were lawfully upon the premises whence they escaped upon the right of way. *Ferris v. Railroad,* 30 Mo. App. 124; *Berry v. Railroad,* 65 Mo. 172; *Harrington v. Railroad,* 71 Mo. 384; *Johnson v. Railroad,* 80 Mo. 620; *Bushy v. Railroad,* 81 Mo. 49; *Stanley v. Railroad,* 84 Mo. 631; *Peddicord v. Railroad,* 85 Mo. 160; *Carpenter v. Railroad,* 25 Mo. App. 110; *Smith v. Railroad,* 25 Mo. App. 113. (2) Where it affirmatively appears that plaintiff is not the adjoining landowner, and he does not show that his stock were upon the land, whence they escaped upon the track, by virtue of some contract with the owner, either express or implied, a demurrer to the evidence should be sustained. *Carpenter v. Railroad,* 25 Mo. App. 110. (3) Plaintiff's instruction, number two, was erroneous, because it authorized a recovery by a person who was not an adjoining owner, without proof that his animals were lawfully upon the adjoining field (*Ferris v. Railroad,* 30 Mo. App. 122); because it allows a recovery if the animals got upon the defendant's track at a public crossing.

*J. W. Shotwell,* for the respondent.

(1) The petition is good. The stock law has never been passed in Ray county, and all kinds of stock may lawfully run at large. *Tickell v. Railroad,* 90 Mo. 296, and authorities there cited; *Mayfield v. Railroad,* 91 Mo. 296, and authorities cited, which show that the petition contains all necessary averments; *Stanley v. Railroad,*

84 Mo. 625, and authorities cited. (2) *Farris v. Railroad*, 30 Mo. App. 124, and all the authorities cited by appellant under its first head of "points and authorities," do not apply in this case. In these cases, the stock passed through enclosed fields, and were trespassers; in this case, the stock was lawfully running at large, and passed into the road over unenclosed lands. *Gorman v. Railroad*, 26 Mo. 441.

ELLISON, J.—This action is prosecuted to recover double damages for killing and injuring a number of plaintiff's hogs. Plaintiff had judgment and defendant appeals.

Holding plaintiff to the statement of his cause of action, his hogs escaped onto defendant's right of way and track, from adjoining enclosed fields. Looking, then, to the evidence, we find that, although the railroad fence was insufficient, these adjoining fields were not plaintiff's; the enclosures of others intervening between plaintiff's fields and defendant's track. Under this state of case, plaintiff cannot recover without showing that his hogs were running in the adjoining field to the track, by some agreement with the owner; or that the fence on the sides of the field, other than the railroad side, was not a lawful fence. Fences, in the respect we are here considering them, are required for the benefit of the adjoining proprietor, and if his field has, on its three sides, a lawful fence, it cannot avail a stranger, whose stock is injured, that the railroad track is defectively fenced from the field, or that it is not fenced at all. *Harrington v. Railroad*, 71 Mo. 384. While there was evidence tending to prove that the railroad fence was defective, there is none, whatever, as to the character of the fence around the field which adjoined defendant's track. For aught that appears, this may have been a lawful fence. If it was, plaintiff cannot recover.

The judgment is reversed, and the cause is remanded. All concur.