WADE V. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Railroads**: DAMAGE TO LIVE STOCK: COMPLAINT. The complaint in this case, (an action under the 43rd section of the Railroad Law for double damages to live stock,) does by implication, though not expressly, negative the possibility that the animal was killed at a public crossing or within the corporate limits of a town or city. The averment is, that it was killed at "a certain point of uninclosed timber land."

   The complaint also contained an averment that the animal came upon the track and was killed at a place which the law required the company to protect with a fence or cattle-guard. *Held*, that on this ground also it was sufficient.

2. ———— : ———— : PLACE OF KILLING. The complaint alleged that the animal was killed in Jefferson township. The case was first tried before a justice of that township. The instructions in the circuit court told the jury that they could not find for plaintiff if the animal was not killed in that township. There was no evidence in the record to show where the killing occurred; but it did not satisfactorily appear that all the evidence was preserved. *Held*, that this court would presume that the killing had been shown to have taken place in Jefferson township.

3. ———— : ———— : INTEREST: HARMLESS ERROR IN INSTRUCTION. In an action under the 43rd section the court instructed the jury that they might, in addition to double damages, allow the plaintiff interest; but it sufficiently appeared that no interest had been allowed. *Held*, that the instruction was erroneous, but as the defendant had not been prejudiced, the error was immaterial.

*Appeal from Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*T. J. Portis* and *Smith & Krauthoff* for appellant.

*G. T. White* for respondent.

MARTIN, C.—This was an action against a railroad company for the killing of a bull. The action was commenced on the 2nd day of March, 1878, before a justice of Jefferson township in Cole county, and was brought under the

43rd section of the 2nd article of the Railroad Act as amended by the act of February 18th, 1875. 1 Wag. Stat., 310, § 43; Sess. Acts 1875, p. 131. The action was commenced in the name of George E. Wade, the owner of the bull, and the present plaintiff, after his death, as sole devisee under his will, was substituted as his successor to the right of action. The complaint upon which the action was founded, reads as follows:

"Before H. W. Long, a justice of the peace within and for the State of Missouri, county of Cole, Jefferson township.

George E. Wade, Plaintiff,
    v.                                  } Complaint.
Missouri Pacific Railway Company,
                    Defendant.

"Plaintiff states that defendant is a corporation duly incorporated under the laws of the United States and State of Missouri, and is acting as such; and that in the month of October, 1877, while running and operating its locomotives and cars on its railroad track in said township at a certain point of uninclosed timber land near Gray's Creek, wrongfully and unlawfully neglected to erect and maintain a lawful fence on the sides of their said railroad where it passes through uninclosed lands, and unlawfully failed to construct cattle-guards where fences are required sufficient to prevent horses, cattle, mules and other animals from getting on their said railroad at said points, as is required by the statutes in such cases, and that by reason and on account of such failure to erect said fences and construct said cattle-guards, a certain bull, the property of plaintiff, and of the value of $100, went on to said railroad track at said point, and whilst said bull was on said track as aforesaid, he was run over and killed by said locomotives, cars and trains of defendant, then and there run and managed by its agents and servants. And said bull was wrongfully killed in the manner as herein stated in consequence of his getting on to railroad track as aforesaid, and not having

cattle-guards as aforesaid. Wherefore plaintiff asks judgment for $200, double the damage sustained by him by reason of the matters and things herein stated, and under the statute concerning corporations, railroads and railroad companies.

"And for further cause of complaint, plaintiff says that whilst he was the owner of the bull aforesaid, of the value aforesaid, and defendant, whilst operating its locomotives and trains in the township aforesaid, and at the time aforesaid, by its agents and servants so negligently and carelessly ran the same at and near a public crossing, and among other acts of carelessness and negligence then and there failed to ring the bell or sound the whistle, and thereby carelessly and negligently ran over, on their railroad track, said bull of plaintiff and killed him, whereby plaintiff says he is damaged in the sum of $100, and for which plaintiff asks judgment."

The trial before the justice was by default, and the value of the animal was assessed at $100, and judgment rendered for $200, being double damages under the statute. At the trial in the circuit court, which came off on the 28th day of May, 1880, the defendant appeared by attorney, and the plaintiff introduced witnesses, who knew the bull and who saw him shortly after he was killed. From their evidence, which is of a very circumstantial character, there seems to be no doubt about the facts surrounding the death of the bull. He was struck at a point on the railroad near Gray's Creek about fifteen feet west of a public crossing, and about forty-five feet east of the east abutment of a railroad bridge which spans the creek. There was no fence or enclosure of any kind to keep him off the track at that point. After he was struck he dragged himself down to the bed of the creek where he died. He weighed about 1,300 pounds, and his heavy tracks on the grass indicated that prior to the accident he had been grazing near the bridge. His blood and hair left on the railroad track, and the car grease on his carcass plainly pointed to the cause

of his decease, and the exact point on the track where he met his fate. The evidence tended to show that he was four or five years old, of the Durham and Duchess breed, and that he was worth from $50 to $75. The defendant introduced no evidence, and the jury returned a verdict assessing the damages at $100, from which the defendant has appealed. A good many instructions were asked and refused, but which need not be considered in detail in disposing of the case.

I. It is objected that the complaint does not expressly negative the possibility of the animal having been killed at a public crossing or in the corporate limits of a town or city.

This objection is not well taken. It is alleged in the complaint that the bull was killed on the railroad, at " a certain point of uninclosed timber land," where the defendant had neglected to maintain fences and cattle-guards, to prevent stock from getting on the track; that it was at a point where the law required the defendant to maintain fences, etc., and that the bull was injured by reason of that neglect. I think the language sufficiently negatives the possibility of the point being on a public crossing. It is equally strong against the possibility of its being inside the corporate limits of a city.

Indeed the sufficiency of the petition is clearly within the rule laid down in the cases cited by defendant; (*Roland v. Railroad Co.*, 73 Mo. 619; *Bates v. Railroad Co.*, 74 Mo. 60;) because it is expressly and substantially averred that the bull was killed at a point which the law required the defendant to protect with a fence or cattle-guard, and that he entered upon the track at that point, and was killed by reason of the defendant's failure to maintain such fence and cattle-guards.

II. It is objected that the evidence in the record fails to show that the bull was killed in Jefferson township. This point is not well taken. The defendant at the trial objected to the sufficiency of the complaint in this respect.

But the complaint shows that the killing took place in Jefferson township. The case was tried before a justice of that township, and after verdict it should be presumed that such a necessary fact was proved, otherwise the verdict could not have been rendered. The objection is not saved in the motion for a new trial, as it should have been to make it available here. Neither does it appear satisfactorily from the bill of exceptions that all the evidence was preserved. The jury was instructed that they could not find for the plaintiff, if the bull was not killed in Jefferson township. They must have had the evidence before them to render their verdict, and the bill of exceptions does not indicate positively that there was no such evidence.

III.   The most serious objection raised is the giving of the following instruction for plaintiff: "If the jury find for the plaintiff, they will find the value of the bull when killed, and may give damage in double the value so found, and if they see fit give interest over and above the value." This instruction might do in an action of trover for the conversion of personal property. I allude to that part of it relating to interest. But it has been held that it will not apply to actions for negligence. *Meyer v. Railroad Co.*, 64 Mo. 543 ; *DeStieger v. Railroad Co.*, 73 Mo. 33.   I do not think the defendant has been injured by it.   It seems very clear from the evidence preserved and the verdict rendered that no interest was actually included in the finding of the jury.   The highest estimate of the value of the bull given by the witnesses was $75, and the lowest estimate $50. The jury assessed the damages at $100.   Their verdict was as follows:   "We, the jury, find for the plaintiff, and assess his damages at $100."   Now under the instruction of the court which left to the jury the right to double the damages, this verdict must be taken as giving the full measure of double damages called for in the complaint. *Seaton v. Railroad Co.*, 55 Mo. 416.   Judgment was entered upon it as such, without doubling the amount.   As it stands, it is conclusive against the plaintiff, and he has not ventured to

disturb it. Assuming that the jury followed the evidence before them, it is evident that their verdict for $100 was just double the minimum price or value of the bull, sworn to by the witnesses, which was $50, and did not include any interest. I do not think the defendant has sustained any prejudice by this instruction about interest; and I am satisfied that a reversal of the case on this ground would ignore the merits of the controversy, and result in no substantial advantage to the defendant in another trial. In the trial before the magistrate the judgment was for $200, double damages.

For these reasons I think the judgment should be affirmed. PHILIPS, C., concurs.

WINSLOW, C., dissented, on the ground that the instruction permitting the jury to find interest as a part of the damages was a fatal error, and was not cured by any of the considerations presented in the majority report. As to the other points he concurred.

NORTON, J., absent.