WILLIAMS v. THE HANNIBAL & ST. JOSEPH RAILROAD COM-
PANY, *Appellant.*

80 597
37a 659
80 597
41a 174.

1. **Pleading:** RAILROAD: KILLING STOCK. A statement, in an action
against a railroad, for double damages for killing a colt, occasioned
by its neglect to fence as required by law, which alleges that the
killing occurred at a point where the road passes along, through and
adjoining inclosed fields, negatives the idea that the colt might have
been killed in an incorporated town.

2. **Railroad;** KILLING STOCK: INSTRUCTIONS. In such action, an in-
struction was unobjectionable which told the jury that they should
find for defendant, if they believed that the fence, where the colt
got over the same, was a post and plank one of the height of four
and one-half feet, and that the same was broken down by plaintiff's
colt or by some other horses, or by mules, and that thereby and at
the time the fence was broken, the colt got on the track of the rail-
road and was killed.

3. **Jurisdiction.** The jurisdiction as to the amount in such action,
would be governed by the sum claimed as single damages, and not
by the amount after the damages are doubled.

*Appeal from Linn Circuit Court.*—HON. G. D. BURGESS,
Judge.

AFFIRMED.

*Geo. W. Easley* for appellant.

The statement does not set out facts sufficient to con-
stitute a cause of action, and will not support the judgment.
*Rowland v. Railroad Co.,* 73 Mo. 619; *Schulte v. Railroad
Co.,* 76 Mo. 320. The modification by the court of defend-
ant's third instruction, was wrong. *Clardy v. Railroad Co.,*
73 Mo. 576. The justice had no jurisdiction.

*Torrence & Lithgow* for respondent.

EWING, C.—This suit was commenced before a justice
of the peace upon the following statement:

Plaintiff states that at the time of the grievances herein
complained of, defendant was and still is a railroad corpora-

tion, duly created and existing under and by virtue of the laws of the State of Missouri, operating and running said railroad, together with its engines and cars through Jefferson township, Linn county, Missouri. That on or about the 11th day of October, 1880, he was the owner of one Norman colt, of the value of $100, which said colt strayed upon the track of defendant in Jefferson township, Linn county, Missouri, at a point where said railroad passes along, through and adjoining inclosed or cultivated fields, or uninclosed lands, and was killed on said date by the engine and cars of defendant in said township. That said colt was killed by reason of the failure of defendant to erect and maintain good and sufficient fences at said point as aforesaid. Plaintiff further states that Jefferson township is an adjoining township to Brookfield township, Linn county, Missouri, and that by virtue of section 809 of the Revised Statutes of the State of Missouri, he is entitled to recover double the value of said colt. being the sum of $200, for which he asks judgment.

Judgment by default before the justice, and appeal to the circuit court, when the defendant appeared and moved to dismiss the suit, because the justice " had no jurisdiction of the subject matter of the suit." This motion was overruled, and, upon trial, the plaintiff offered evidence tending to prove that the colt got on the track because of a defect in the fence at a place where by reason of the top rail being off, had only been about three feet high all summer.

The defendant offered evidence tending to prove that the fence was in good repair, of sufficient height, and was broken down by plaintiff's and other animals on the night of the accident.

The court gave three instruction for the plaintiff, which, although objected to at the time, yet appellant makes no point concerning them in its brief, and as they are unobjectionable, they will not be further noticed here. Then

the court gave two instructions for the defendant, as follows:

1.  Unless plaintiff has shown by the preponderance of the evidence in his favor, and to the satisfaction of the jury, that the colt in question got upon the track of the defendant's railroad by crossing over the fence inclosing the railroad track, and that the said fence, where said colt got over the fence, had been suffered by the defendant to be and remain out of repair, and insufficient to prevent ordinary cattle and horses from getting over the same, then the plaintiff is not entitled to recover in this action, and the verdict must be for the defendant.

2.  If the jury shall believe from the evidence that the fence where plaintiff's colt got over the same, and thereby went upon the track of defendant's railroad was, prior and up to the time when said colt got over said fence, a post and plank fence at least four and one-half feet high, then the plaintiff cannot recover in this action.

The court refused the third as asked, but gave it after inserting therein the words, " and at the time said fence was broken," after the word " thereby," making it read as follows:

3.  If the jury should believe from the · evidence that the defendant's fence where plaintiff's colt got over the same, was a post and plank fence of the height of· four and one-half feet and that the same was broken down by the plaintiff's colt or by some other horses or by mules, and that thereby (and at the time said fence was broken) said colt got upon the track of the railroad and was killed by a train the verdict should be for defendant.

I.  The first point made by the appellant is as to the sufficiency of the statement, and he cites *Rowland v. Railroad Co.*, 73 Mo. 619 and *Schulte v. Railroad Co.*, 76 Mo. 324, as authority sustaining his position.  In those cases it was held that in suits under section 43, Wagner's Statutes, 310, the statement must show by direct averment, or necessary implication that the killing did not occur within

the limits of some incorporated town. In the case under consideration the statement alleges that the "colt strayed upon the track of defendant, in Jefferson township, Linn county, Missouri, at a point where said railroad passes along, through and adjoining inclosed, or cultivated fields or uninclosed lands, and was killed on said date by the engine and cars of the defendant in said township. That said colt was killed, by reason of the failure of the defendant to erect and maintain good and sufficient fences, at said point as aforesaid." This statement negatives the idea that the colt might have been killed in an incorporated town, when it alleges that the killing occurred at a point where the road, "passes along through and adjoining inclosed" fields. And we think the statement is sufficient. *Farrell v. Union Trust Co.*, 77 Mo. 475; *Terry v. Mo. P. R'y Co.*, 77 Mo. 254, and authorities there cited.

II. The second point made by the appellant is as to the third instruction asked by defendant.

That instruction, as asked, with the words, "and at the time said fence was broken," left out would have been subject to the objection made by the defendant, to-wit: it did not submit to the jury whether reasonable time had elapsed, between the breaking of the fence, and the injury to the colt, as to have enabled the defendant to discover and repair the break. If given as asked, it did not fix the time of the break, but as amended by the court and given, it did fix the time of the break as the time when the colt got over it, and as given, is not objectionable. The question as to the defendant suffering the fence to be and remain out of repair, and insufficient to prevent ordinary cattle and horses from getting over the same, was fully presented to the jury by the defendant's first instruction.

III. The appellant insists that the justice had no jurisdiction. That justices of the peace have jurisdiction for killing animals by railroads, when the amount demanded exceeds $150, only when the killing was in the township in which the justice resides. This question does not arise in

this case. The amount demanded does not exceed $150. The amount of the claim here sued for was $100; the amount of the verdict was $75. The judgment of the court was $150, double the amount of the finding. This is by operation of law. The jurisdiction as to amount is governed by the sum claimed as single damages, not by the amount after the damages are doubled.

The judgment is affirmed. All concur.