85  611
104  389
85  611
47a  75

KIMES V. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN
RAILWAY COMPANY, *Appellant.*

1. **Negligence**: RAILROAD CROSSING: FAILURE TO KEEP IN REPAIR.
Where a railroad fails to keep its crossing over a public road in re-
pair, and in consequence thereof, a team is stalled and struck by a
passing train, it is liable for the injury.

2. ———— : CONTRIBUTORY NEGLIGENCE. If the owner of the team neg-
ligently went upon the crossing, without looking or listening for
the approach of trains, and might, by ordinary care, have seen or
heard the train in time to have avoided the accident, the company
would not be liable.

3. **Interest**: REMITTITUR: PRACTICE IN SUPREME COURT. Interest is
not recoverable in an action for negligent injury to property. The
error of the lower court, however, in authorizing the recovery of
interest, may be cured by a *remittitur* in the Supreme Court.

*Appeal from Wayne Circuit · Court.*—HON. R. P.
OWEN, Judge.

AFFIRMED.

*Geo. H. Benton* for appellant.

(1) The complaint fails to state a cause of action,
and defendant's objection to the introduction of any evi-
dence under same should have been sustained. (2) De-
fendant's demurrer to the evidence at the close of
plaintiff's evidence, and also at the close of the whole
case, ought to have been sustained. *Powell v. M. P.
Ry.*, 76 Mo. 80; *Lenex v. M. P. Ry.*, 76 Mo. 86; *Moody,
P. Ry. Co.*, 68 Mo. 472; *Kelly v. H. & St. J. Ry. Co.*, 75
Mo. 140; *Purl v. A. & P. Ry. Co.*, 72 Mo. 168; *Johnson
v. C., R. I. & P. Ry.*, 77 Mo. 546; *Harlan v. Ry. Co.*, 65
Mo. 22; *Henze v. St. L., K. C. & N. Ry.*, 71 Mo. 636;

*Fletcher v. A. & P. Ry.*, 64 Mo. 484; *Turner v. H. & St. J. Ry.*, 74 Mo. 604. (3) The instruction given by the court at plaintiff's request, is improper, illegal, indefinite and misleading. *Clardy v. Ry.*, 73 Mo. 576; *Lincoln v. Ry.*, 75 Mo. 27; *Wade v. M. P. Ry.*, 78 Mo. 366; *Meyer v. Ry.*, 64 Mo. 543; *DeSteiger v. Ry.*, 73 Mo. 33.; *Kenny v. H. & St. J. Ry.*, 63 Mo. 99; *Marshall v. Shricker*, 63 Mo. 309. (4) Instructions two, four and five, asked by defendant, should have been given by the court. (5) The court erred in the instruction it gave of its own motion. *Henry v. Ry.*, 76 Mo. 293.

*C. D. Yancey* for respondent.

(1) The error as to the interest is cured by the *remittitur*. *Hahns v. Sweazea*, 29 Mo. 199; *Western, etc., v. Kribben*, 48 Mo. 37; *Wade v. Ry.*, 78 Mo. 362. (2) It was the duty of defendant not only to construct, but to maintain a good and sufficient crossing at the point where its railway crossed the public road. R. S., sec. 807; *Lincoln v. Ry.*, 75 Mo. 27. (3) The plaintiff exercised due care before attempting to cross.

NORTON, J.—This suit was brought to recover damages for killing a horse and breaking a wagon, by a train of defendant's cars on a public road crossing, alleged to have been occasioned by the failure of defendant to construct and maintain a good and sufficient crossing over its road. Plaintiff obtained judgment for $129.60, from which the defendant has appealed.

The evidence on the trial tended to show that the crossing in question was, at the time of the accident, and for some time previous had been out of repair, and in bad condition, and that in consequence thereof, plaintiff's horses, hitched to a loaded wagon, which plaintiff was driving over the crossing, stalled with the wagon on

the track, and one of defendant's passing trains struck the wagon, damaging it and killing one of the horses. Plaintiff testified that before he drove on the track, or crossing, he looked up and down the railroad track, but saw no train; that he could see up the track half a mile, and down the track one-sixth of a mile; that he saw it coming when it was a quarter of a mile off. The evidence of the engineer was to the effect that he first saw plaintiff the distance of four telegraph poles from the crossing, there being twenty-eight poles to the mile; that, when he drove on the track there were two telegraph poles between the engine and the wagon on the crossing; that his train was running seventeen miles per hour, and that it was impossible to check the train in time to avoid the collision, although he did all in his power to do so.

The court, we think, under the evidence, was justified in submitting the case to the jury. The court gave two instructions, one to the effect that if the accident was occasioned by the failure of defendant to keep the crossing in repair, they would find for plaintiff the amount of damage sustained, with six per cent. interest; the other to the effect that if plaintiff negligently went upon the crossing without looking or listening for the approach of the cars, and might, by ordinary care, have seen or heard the train in time to have avoided the accident, the jury would find for defendant.

There was no error in refusing the instructions asked by defendant, inasmuch as those given fairly submitted the issue, except in the particular hereinafter noted, to the jury. It is insisted that error was committed in refusing an instruction of defendant's to the effect, that they could not find for defendant on the grounds of failure to ring the bell, or sound the whistle, or for the negligent management of the train. While there was no evidence that defendant omitted, or failed to ring the bell, or

sound the whistle, as required, in approaching the cross-ing, nor any evidence that the train was negligently run or managed, the performance of its duty, in these re-spects, did not excuse the defendant from its liability for not keeping the crossing in repair, provided such omis-sion caused the injury, and as to whether it did or not, was the only issue with which the jury had to deal, un-der the instructions which the court gave.

The first instruction given by the court is erroneous in this, that it authorized the jury to allow six per cent. interest on the damages, and but for the *remittitur* of $9.60 which plaintiff has entered in this court, the judg-ment would be reversed. *DeSteiger v. H. & St. J. Ry. Co.*, 73 Mo. 33, and cases there cited. The lowest esti-mate placed by the evidence on the value of the horse killed, was one hundred dollars, and the lowest estimate for damage to the wagon was twenty dollars, and as the *remitttttur* of the above sum cures the error in the in-struction, the judgment will be affirmed in all respects, except as to the sum of $9.60 remitted, and plaintiff and appellee will be adjudged to pay the costs of this ap-peal which are hereby adjudged against him. *Miller v. Hardin*, 64 Mo. 545; *Wade v. Mo. Pac. Ry. Co.*, 78 Mo. 362. All concur.