TICKELL v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

**Railroads**: DOUBLE DAMAGES: PLEADING. A petition against a railroad company for double damages for killing stock, which alleges that the animals came upon the track of the road where it passes through uninclosed lands, and where there was no crossing of the railroad by any public road, and that the company failed and neglected to keep and maintain a lawful fence at the point where the stock got upon the track and were killed, and that the

killing of the stock was occasioned, then and there, by the failure of defendant to erect and maintain such lawful fences on the sides of its roads, is sufficient, and satisfies the rule that the petition must charge that the animals got on the track at a point where the defendant was required by law to erect and maintain fences, and that the killing did not occur within the limits of an incorporated town.

*Appeal from New Madrid Circuit Court.*—Hon. J. D. Foster, Judge.

AFFIRMED.

*Smith, Silver & Brown* with *T. J. Portis* for appellant.

The petition is radically defective. It fails to state facts sufficient to constitute a cause of action in this, that it does not allege that it was the statutory duty of defendant to erect and maintain a fence, and that it had failed to do so at the point where plaintiff's stock strayed on to said railway track. *Davis v. Railroad*, 65 Mo. 441, and cases cited; *Rowland v. Railroad*, 73 Mo. 619; *Bates v. Railroad*, 74 Mo. 60; *Manz v. Railroad*, 87 Mo. 278. Nor does it state that the injuries to said stock were occasioned by the failure of defendant to erect and maintain good and sufficient fences at the point where lawfully required so to do. *Morrow v. Railroad*, 82 Mo. 169; *Cunningham v. Railroad*, 70 Mo. 202; *Sloan v. Railroad*, 74 Mo. 47; *Luckie v. Railroad*, 67 Mo. 245; *Asher v. Railroad*, 79 Mo. 432. Nor does said petition negative the fact that said injuries took place, not within an incorporated city or village, nor within the switch limits of a station. *Rowland v. Railroad*, 73 Mo. 619; *Bates v. Railroad*, 74 Mo. 60; *Schulte v. Railroad*, 76 Mo. 324; *Swearengen v. Railroad*, 64 Mo. 72; *Edwards v. Railroad*, 66 Mo. 567; *Wallace v. Railroad*, 74 Mo. 694. Nor are these facts negatived by inference.

*Lewis Brown* for respondent.

The post note to section 809, page 139, Revised Statutes, gives all of the adjudications, in brief, of this court, down to and including 68 Missouri Reports, to which we refer this court, in order to abridge this brief and save expense. In the case of *Barnett v. Railroad*, 68 Mo. 56, the double damage act was held constitutional. See, also, *Cummings v. Railroad*, 70 Mo. 570; *Spealman v. Railroad*, 71 Mo. 434; *Snyder v. Railroad*, 73 Mo. 465; *Razor v. Railroad*, 73 Mo. 471. The petition states in substance that where the mules were killed the railroad "passed through uninclosed timber lands," where there was not any crossing of said railroad by any highway. The duty of fencing the road is a duty imposed by law, and public law need not be pleaded. R. S., sec. 809, p. 139; R. S., 3548, p. 607. The proof shows it was timber lands. This does not exempt defendant from statutory liability. *Walton v. Railroad*, 67 Mo. 58. The term "uninclosed lands" does not occur in section 2124; it does occur in section 809, which is an amendment of former laws, and so supersedes former adjudications of that date. *Edwards v. Railroad*, 74 Mo. 122; *Briggs v. Railroad*, 82 Mo. 39; *Busby v. Railroad*, 81 Mo. 43; *Jackson v. Railroad*, 80 Mo. 147.

RAY, J.—This action was begun, in the circuit court of New Madrid county, to recover double damages for injuries to certain described stock. A trial thereof resulted in a verdict and judgment for plaintiff, from which defendant has appealed. The only question involved or presented in this court is as to the sufficiency of the petition. The petition charges that the mules came upon the track of said railroad where it passes through uninclosed lands, and where there was no crossing of the railroad by any public highway; that defendant failed and neg-

lected to keep and maintain a lawful fence at the point where the mules got upon the track and were killed, and that the killing of the mules wâs occasioned, then and there, by the failure of defendant to erect and maintain such lawful fences on the sides of its road. Under the later decisions of this court, these averments were, we think, sufficient, and satisfy the rule that the allegations must show that the animals got on the track at a point where the defendant was required by law to erect and maintain fences, and that the killing did not occur within the limits of an incorporated town. *Williams v. Railroad*, 80 Mo. 597 ; *Manz v. Railroad*, 87 Mo. 278.

The judgment will, therefore, be affirmed. All concur.