91 667
37a 659
91 667
41a 174
91 667
53a 12

RINGO v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Railroads: KILLING STOCK: DOUBLE DAMAGES: STATEMENT.** In an action against a railroad, under Revised Statutes, section 809, for double damages for killing stock, it is not necessary that the

statement should contain an express averment that the point at which the animal entered upon the track was not within the corporate limits of an incorporated city or town. It is sufficient if that fact appears by necessary implication from the other facts stated.

2.  Appeal : POINT NOT MADE IN TRIAL COURT. The defendant cannot complain on appeal of the failure of proof that the animal entered on the track at a point where it. was required by law to fence, where it did not demur to the evidence and the attention of the trial court was not called to such alleged failure of evidence.

*Appeal from Scott Circuit Court.*—HON. J. D. FOSTER, Judge.

AFFIRMED.

*Smith, Silver & Brown* and *T. J. Portis* for appellant.

(1) The statement fails to allege facts sufficient to constitute a cause of action. *Rowland v. Railroad*, 73 Mo. 619 ; *Bates v. Railroad*, 74 Mo. 60; *Schultz v. Railroad*, 76 Mo. 324 ; *Manz v. Railroad*, 87 Mo. 278. (2) The evidence fails to show that plaintiff's animal got on the defendant's track at a point where it was bound, by law, and had failed, to maintain a lawful fence. *Hendrick v. Railroad*, 81 Mo. 521 ; *Cecil v. Railroad*, 47 Mo. 246 ; *Nance v. Railroad*, 79 Mo. 196 ; *Manz v. Railroad*, 87 Mo. 278 ; *Morrow v. Railroad*, 82 Mo. 169 ; *Ather v. Railroad*, 79 Mo. 432 ; *Schultz v. Railroad*, 76 Mo. 324 ; *Hudgen v. Railroad*, 79 Mo. 418 ; *Bates v. Railroad*, 74 Mo. 60. The evidence only shows where the plaintiff's animal was killed, which was immaterial. *Dryden v. Railroad*, 79 Mo. 525; *Cecil v. Railroad*, 47 Mo. 246.

*Marshall Arnold* for respondent.

(1) It was not necessary that the statement should contain the averment that the point at which the animal

entered upon the defendant's railroad track "was not within the limits of an incorporated city or town." It is sufficient if it aver that the place where the animal entered was where the track passed through, along, or adjoining enclosed fields and not at the crossing of a public highway. *Farrell v. Union Trust Co.*, 77 Mo. 475 ; *Terry v. Railroad*, 77 Mo. 254 ; *Perrequez v. Railroad*, 78 Mo. 92 ; *Wade v. Railroad*, 78 Mo. 362 ; *Rozzelle v. Railroad*, 79 Mo. 349 ; *Williams v. Railroad*, 80 Mo. 597 : *Johnson v. Railroad*, 80 Mo. 620 ; *Moore v. Railroad*, 80 Mo. 499 ; *Briggs v. Railroad*, 82 Mo. 37 ; *Thomas v. Railroad*, 82 Mo. 538 : *Jantzen v. Railroad*, 83 Mo. 171 ; *Manz v. Railroad*, 87 Mo. 278. (2) The evidence of plaintiff established that the animal was not killed within the limits of an incorporated town or village, nor at any railroad crossing, but at a point on said railroad where the same passes along, through, and adjoining cultivated fields and farm lands, and at a point on the road that was not fenced at all. There was no positive evidence that the animal entered at that point. This is not required. But that it did enter at the point where killed, and where there was no fence, is the irresistible inference from the facts proved. Moreover, the *onus* here rested on the defendant. *Lantz v. Railroad*, 54 Mo. 228 ; *Walthers v. Railroad*, 78 Mo. 617 ; *Gee v. Railroad*, 80 Mo. 283 ; *Jantzen v. Railroad*, 83 Mo. 171.

BRACE, J.—This is a suit commenced in a justice's court to recover double damages, under section 809, Revised Statutes, 1879, for a mare killed on defendant's road by a train of cars. The plaintiff had judgment before the justice, and in the circuit court, and the defendant appeals to this court.

The case was tried before the court, without a jury. On the trial, the defendant objected to the introduction of any evidence, for the reason that no cause of action

was stated. The only ground upon which it is here urged that the statement upon which the case was tried is insufficient, is that it is not alleged therein that the plaintiff's mare entered upon the defendant's track at a point not within the limits of an incorporated city or town. The averments in the statement, in this respect, are, that "said killing took place at a point on said railroad where the same passes through, along, and adjoining cultivated and inclosed farm land, and not in the crossing of a public highway, or at any crossing of the road, whatever," and that, "at the point aforesaid, the mare strayed and got upon the track, and was killed."

It is not necessary that the statement should contain an express averment that the point at which the animal got upon the track was not within the corporate limits of an incorporated city or town. It is sufficient if that fact appears by necessary implication from the facts contained in the statement. *Manz v. Railroad*, 87 Mo. 278. It is sufficient if the facts stated negative the presumption that it might have occurred within the corporate limits of an incorporated city or town. *Perriquez v. Railroad*, 78 Mo. 91. The averment that the animal entered upon the track at a point where the railroad "passes along, through, and adjoining an inclosed field," negatives the presumption that the entry might have occurred within the corporate limits of an incorporated city or town. *Williams v. Railroad*, 80 Mo. 597. The allegation, in this case, that the animal "got upon the track at a point where said railroad passes through, along, and adjoining cultivated and inclosed farm land," by necessary implication, negatives any presumption that the entry might have occurred within the corporate limits of an incorporated city or town. *Perriquez v. Railroad*, and *Williams v. Railroad*, *supra; Wade v. Railroad*, 78 Mo. 363; *Johnson v. Railroad*, 80 Mo. 621; *Jantzen v. Railroad*, 83 Mo. 171.

The second ground upon which the defendant asks for a reversal of this cause is, that there was a failure of proof that the animal got upon the track at a point where defendant was required by law to fence. The defendant, on the trial, did not demur to the evidence for its insufficiency, nor was the attention of the trial court called to such supposed defect of proof in the motion for a new trial, and that question, not having been passed upon by the trial court, is not before us for consideration. *Blakely v. Railroad*, 79 Mo. 388; *McCoy v. Farmer*, 65 Mo. 244, and cases cited.

The judgment of the circuit court is affirmed. All concur.