Thomas H. Jones, Respondent, v. Chicago & Alton Railroad Company, Appellant.

Kansas City Court of Appeals, November 21, 1887.

1. Practice—Instruction—Negligence—Rule as to Qualifying Liability.—Where an instruction states, as in this case, that if the jury find any damage was done to the property in question, but qualifies it by limiting it to damage done through the negligence of the defendant, this restricts the damage within the limits of defendant's proper liability.

2. ———— ———— Different Causes—Measure of · Damages.—Notwithstanding that the damage charged as the result of defendant's negligence may be complicated with other causes, for which defendant would not be liable, and that it would be difficult for the jury to separate the different causes of injury, yet it is a question that must be submitted to the judgment of the jury. And, although one instruction may not properly qualify the liability, if the instructions, taken together, confine the recovery to the liability resulting from defendant's negligence, it is enough.

Appeal from Audrain Circuit Court, Hon. Elijah Robinson, Judge.

*Affirmed.*

The case is stated in the opinion.

G. B. Macfarlane, for the appellant.

I.   Defendant was not liable for any damage or injury to the cattle, caused by being overloaded, by being crowded in the cars, or by reason of tramping upon and injuring each other.   (1) It would not be liable for such damages in the absence of a contract.   Hutchinson on Carriers, sects. 217, 222, and authorities cited; *Penn v. Railroad*, 49 N. Y. 204.   (2) Under the contract, read in evidence, defendant was not liable for any damage directly caused by the overloading, or improper loading, or by crowding, or by injury from cattle tramping each

other, etc. Such contract is valid. *Sturgeon v. Railroad*, 65 Mo. 573 ; *Rice v. Railroad*, 63 Mo. 314 ; *Newby v. Railroad*, 19 Mo. App. 396 ; *Caples v. Railroad*, 17 Mo. App. 14.

II. Whether the damage was caused by the negligence of defendant was a question for the jury, and it was for the jury to determine which part, if any, of the damage was so incurred. *Sturgeon v. Railroad*, 65 Mo. 573 ; *Russell v. Columbia*, 74 Mo. 480.

III. It was improper for the court, in instructing the jury, to ignore the issues made by the answer and the evidence thereunder. *Sullivan v. Railroad*, 88 Mo. 169 ; *Davis v. Railroad*, 89 Mo. 346. Even if the criticised instruction properly declared the measure of damages in a general way, then there are verbal objections which would be calculated to mislead the jury. The jury are told that they should ascertain from the evidence what "said cattle would have been worth in the market if they had arrived in Mexico in good condition." Ordinarily a jury would understand that "good condition" should be qualified by a consideration of the necessary fatigue and other injury from transportation. In this particular case, there should have been a further qualification, considering the ill effects of overloading, if shown by the evidence. The words, "good condition," allowed the jury too much latitude. The jury should have been told to find what the cattle would have been worth at Mexico, considering the necessary injury from transportation, loaded as they were. It may be said that this was a compromise verdict, and neither party has a right to complain. I recognize the right of a jury to adjust their differences on questions of unliquidated damages. Often a conclusion can be reached in no other way ; but where an instruction misleads a jury, we are not able to say that the result was a compromise, and, if we could, the compromise was on an improper basis—on a misconception of the law. I insist that the jury were misdirected, and that the judgment should be reversed.

W. H. KENNAN, for the respondent.

I.   Common carriers cannot, by special contract, limit or relieve themselves from liability or loss incurred by their negligence or misconduct. *Rice v. Railroad*, 63 Mo. 314, and other authorities cited.

II.   The question as to whether part of the calves of plaintiff were killed and part injured by reason of improper loading of the car, or by reason of loading the bull in the car with the calves, or by reason of their being crowded in the car, were, by numerous instructions, asked by the defendant, and given by the court, fully and fairly submitted to the jury. The jury evidently found no damage was done the calves from any of those causes. The only evidence we have that the damage was done otherwise, and at another time, is that of the witness Green (brakeman), who swears too much and too knowingly about everything that occurred between Higginsville and Marshall, and at Marshall, and to whose evidence the jury, evidently, in making up their verdict, applied instruction numbered eight, asked by defendant and given by the court.

III.   The words, "good condition," in the instruction given to plaintiff, did not mislead the jury. From the evidence, and the amount of the verdict, the jury took into consideration only the actual damage done to the calves. They did not consider damage done cattle by 'necessary fatigue and other injury from transportation." If they had, the verdict would have been greater. According to the evidence, the six head of calves killed, to say nothing of those the evidence shows were badly damaged, were worth a sum quite equal to the verdict given.

ELLISON, J.—This action is for damages suffered by defendant in an alleged injury to stock which he shipped over defendant's road from Higginsville to Mexico, in this state. The petition charges negligence of the employes of defendant in running and managing its train.

There was evidence showing the amount less the cattle were worth on the market in the condition they were in on their arrival at Mexico, and what they would have been worth had they arrived with only the ordinary damage resulting from shipment.

The court gave for plaintiff the following instruction, which is the only complaint urged before us, viz. :

"2. The jury are instructed that if they find, from the evidence, any damage was done to said calves through the negligence of defendant, that in arriving at said damage they will find from the evidence what said cattle would have been worth in market, if they had arrived in Mexico in good condition, and what they were worth when they arrived in the condition the evidence in the case showed them to be, and the difference would be the measure of damage."

The defendant contends that, as there was evidence in the cause showing, or tending to show, that the calves were damaged to a greater or less extent by causes for which defendant was not liable under the terms of the shipping contract set up in the answer, the instruction should have limited the recovery to that part of the damage which resulted from the injury for which defendant was liable. The contention is, that the rule laid down in this instruction would correctly determine the *whole* amount of damage plaintiff sustained, but would not be the rule to ascertain the amount for which defendant would be liable. I think the instruction is not fairly subject to the criticism. The instruction does state that if the jury find *any* damage was done to the calves ; but that is not all, it states any damage done through the *negligence* of the defendant. This restricts the damage within the limits of defendant's proper liability.

There is an additional criticism made to this instruction that is not without merit. The jury are told that the measure of damage would be the difference in the market value of the calves, had they arrived in Mexico in good condition, and the condition they were actually

in on arrival. As there was evidence tending to show that the calves suffered some injury from overloading, and perhaps other causes, for which defendant would not be liable under the contract of shipment, and as such injury may have shown itself in their "condition" at Mexico, it will be seen the instruction should have limited the condition to that which was caused solely by acts for which the defendant was liable. That it would be a difficult task for the jury to separate the injury arising from defendant's negligence and that caused by matters for which defendant was not liable may be conceded, yet it is a question that must be submitted to the judgment of the jury.

A question not unlike this was presented to the Supreme Court in the case of *Russell v. Town of Columbia* (74 Mo. 480), where plaintiff was injured by falling into an excavation left in the street. Defendant pleaded, and there was evidence tending to prove that plaintiff's injuries were aggravated by her own imprudence and by improper treatment of her physician. While it would have been difficult in that case for the jury to separate, with any degree of certainty, the damage resulting from one cause or the other, the court instructed that it "should not allow damages on account of the aggravation or increase of the injury, or new injuries to plaintiff, if any, the evidence shows was caused or brought about by the imprudence of plaintiff, or malpractice, or improper treatment, of her physician." This instruction was approved by the Supreme Court. The case of *Sturgeon v. Railroad*, 65 Mo. 573, will further illustrate the point. The suit was for damages caused by delay in the transportation of hogs. The court, in its opinion, says: "It seems that three of the hogs died in the car of suffocation. By the special contract between plaintiff and defendant, it was agreed that defendant should not be responsible for any loss 'by suffocation or other injury caused by overloading cars.' It appeared that after the hogs were put on the cars at Wellsville the train was detained at that place between

seven and nine hours ; that the weather was extremely cold, and three of the hogs died of suffocation by piling up together before the train started. The instruction of the court in regard to these hogs that died of suffocation was, that plaintiff was entitled to the difference in the value of the three hogs when alive and when dead at St. Louis. The dead hogs were sold for $1.50 per hundred weight, and the live ones at $3.75. This measure of damage was correct if it was found that the suffocation was traceable to the unnecessary or negligent delay of the train, but not otherwise ; and whether it was so occasioned was a question for the jury, and the instruction should have been so modified as to leave that question to the determination of the jury."

Notwithstanding this error, the question remains, is it reversible error in view of the evidence and the other instructions in the cause ? Though not without some misgivings, we are inclined to hold that it is not. By defendant's first instruction the jury are told to find for the defendant *in toto* unless the injury happened *solely* by reason of its negligence. By plaintiff's first instruction the damages are confined to the killing and injuring occasioned by the negligence of the defendant. Thus it appears that the instructions, taken together, confine plaintiff's recovery to the amount of his damage, resulting from defendant's negligence, as distinguished from his damage caused by excepted matters in the contract, for which defendant was not liable. And so the jury must have understood them.

These instructions, in connection with the evidence, and the amount of the verdict being only one hundred and eighty-seven dollars (*Wade v. Railroad*, 78 Mo. 362), constrain us to say that the error complained of was not one "materially affecting the merits of the action." Rev. Stat., sect. 3775.

The judgment is affirmed. Philips, P. J., concurs. Hall, J., absent.