PETER LAINIGER, Respondent, v. THE KANSAS CITY, ST. JOSEPH AND COUNCIL BLUFFS RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 12, 1890.

1. **Railroads: KILLING STOCK: SUFFICIENT PETITION: LIMITS OF INCORPORATED TOWN.** A plaintiff suing to recover double damages for killing stock is required, somewhat strictly, to allege and prove all the facts prescribed by the statute, yet if such fact appear by express averment, or necessary implication from such express averments, the petition will be *held* sufficient; and the

allegation that the cattle came upon the railroad where it passes along inclosed and cultivated fields, and not at any road crossing, sufficiently negatives the idea that the point of entry was within the limits of an incorporated town.

2. ———— : ———— : INSTRUCTION ASSUMING FACT : EVIDENCE. An instruction examined, and found not subject to the objection of assuming as true an issue of fact in the case, to-wit : "That defendant's road passed along, and adjoining, the inclosed field of plaintiff ;" but, if it does assume such fact, the appellate court may rightfully presume that such fact is undisputed, since the evidence adduced at the trial is not furnished it.

3. ———— : ———— : INSTRUCTION DEPARTING FROM PETITION. Said instruction is found not to be a substantial departure from the allegations of the petition.

4. ———— : ———— : MEASURE OF DAMAGES : HARMLESS ERROR. Said instruction, while open to some technical criticism, does not appear to have injured appellant, and is not reversible error.

5. ———— : ———— : INSTRUCTIONS GIVEN AND REFUSED AS TO CHARACTER OF FENCE. The action of the court in giving and refusing other instructions as to the character of the fence, set out in the opinion, is examined and approved.

*Appeal from the Nodaway Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*Huston & Parrish* and *Strong & Mosman*, for appellant.

(1) The court erred in admitting any testimony in the case, and in refusing defendant's demurrer to the evidence. It is not charged in the petition, either directly or by necessary implication, that the cattle did not enter upon the railroad track within the limits of an incorporated town. *Manze v. Railroad*, 87 Mo. 278–81 ; *Roland v. Railroad*, 73 Mo. 619 ; *Shulte v. Railroad*, 76 Mo. 324 ; *Williams v. Railroad*, 80 Mo. 597 ; *Ringo v. Railroad*, 91 Mo. 668. The statute upon which the plaintiff seeks a recovery is a penal one, and greater strictness of construction is required, both as to averments and proof, than in ordinary cases. *Manze v.*

*Railroad*, 87 Mo. 278–81 ; *Fusz v. Spaunhorst*, 67 Mo. 256 ; *Kreitzer v. Woodson*, 19 Mo. 327 ; *Howell v. Stewart*, 54 Mo. 400 ; Sedgwick's Stat. and Const. Law, 281. (2) The first instruction given for the plaintiff is erroneous, and should have been refused by the court. *First.* Because it assumes absolutely that the railroad passed along, and adjoining, the inclosed fields of plaintiff, and did not require the jury to find that fact. *Bank v. Crandall*, 87 Mo. 208–13 ; *Stone v. Hunt*, 94 Mo. 475–80, and authorities cited ; *Stoher v. Railroad*, 91 Mo. 509–17–18 ; *State to use v. Mason*, 96 Mo. 559–66 ; *Liggett v. Morgan*, 98 Mo. 39–42. *Second.* Because the instruction told the jury that the defendant was liable if the fence where the cattle got through was defective, insecure and insufficient to turn stock. The allegations in the petition are that the defendant allowed the fence to remain insecure, rotted down and out of repair. The court enlarged the issues by the instruction, by injecting into them the defective condition of the fence, and the insufficiency thereof to turn stock. *Pearce v. Railroad*, 72 Mo. 414 ; *Dahlstrom v. Railroad*, 96 Mo. 99–103 ; *Merrett v. Poulter*, 96 Mo. 237 ; *Hartz v. Railroad*, 95 Mo. 368 ; *Glass v. Gelvin*, 80 Mo. 297, and authorities cited. *Third.* Because no rule of damage was laid down for the cattle injured. The jury was instructed that they might find such sum as the "evidence might show" would compensate the plaintiff for the injury received by the cattle not killed. But the court did not tell the jury what this compensation was to consist of, what the measure of damages was, but left it for the jury, without limitation or direction, to ascertain those facts. *Cathcart v. Railroad*, 19 Mo. App. 107–12 ; *Williams v. Iron Co.*, 30 Mo. App. 662–7 ; *Belch v. Railroad*, 18 Mo. App. 80–85 ; *Kenneday v. Holladay*, 25 Mo. App. 514, and authorities cited. The measure of damages would be the difference in the value of the cattle before they were injured and immediately afterwards, "and a reasonable expense incurred,

or value of time spent, in reasonable endeavor to pre-
serve or restore the property injured." *Harrison v.
Railroad*, 88 Mo. 625–28–30 ; *Railroad v. Finnigan*, 21
Ill. 649 ; *Jackson v. Railroad*, 74 Mo. 526 ; *Case v.
Railroad*, 75 Mo. 668–71 ; *Rankin v. Railroad*, 55 Mo.
167 ; *Sturgeon v. Railroad*, 65 Mo. 569. (3) Instruc-
tion number 2, given by the court on behalf of the
plaintiff, is erroneous. The instruction told the jury
that it was the duty of the defendant to "keep its fence
in good repair, and so as to turn stock or cattle and
keep them off the track." This is not the law. It was
the duty of the defendant to erect and maintain lawful
fences on the sides of its road—nothing more. R. S.
1879, sec. 809. It was the duty of the court to tell the
jury what a lawful fence was, and the fact that the
court may have defined what a lawful fence was, in
defendant's instructions, did not cure the error.
*Mfg. Co. v. Hudson*, 4 Mo. App. 145 ; *State v. Laune*,
1 Mo. App. 371 ; *Goetz v. Railroad*, 50 Mo. 472. This
instruction and the defendant's instruction 3 are incon-
sistent. *Hoenschen v. O'Bannon*, 56 Mo. 289 ; *Fred-
erick v. Allgaier*, 88 Mo. 598, and authorities cited ;
*Price v. Railroad*, 77 Mo. 508 ; *Stevenson v. Hancock*,
72 Mo. 612. (4) The court erred in refusing instruc-
tion number 4, asked by the defendant. The manner
of the construction of the fence, or the defectiveness of
its material, were not in issue. The only issue was
whether the defendant suffered the fence on the west
side of its road "to be and remain down, rotten and out
of repair." The word, insecure, of itself, would not
sustain proof of an unlawful fence.

*William C. Ellison* and *Booker & Williams*, for
respondent.

(1) The court did not commit error in overruling
defendant's objection to the introduction of evidence.

The petition is sufficient. It need not contain the direct averment that the point at which the animals entered upon defendant's railroad track "was not within the limits of an incorporated city or town." It is sufficiently negatived by an allegation that the animals "got upon the track at a point where said railroad passes along, through and adjoining inclosed or cultivated fields," etc. *Manze v. Railroad*, 87 Mo. 278-281; *McIntosh v. Railroad*, 26 Mo. 381; *Williams v. Railroad*, 80 Mo. 597; *Johnson v. Railroad*, 80 Mo. 620; *Moore v. Railroad*, 80 Mo. 499; *Ringo v. Railroad*, 91 Mo. 669; *Mayfield v. Railroad*, 91 Mo. 298; *Edwards v. Railroad*, 74 Mo. 117. (2) The statement in the petition that the defendant failed and neglected to keep and maintain a lawful fence where the cattle came upon the railroad, and were killed, injured and crippled, and the reference to section 809 of the Revised Statutes, imply that it was the duty of the defendant to erect and maintain fences at said place, and that the cattle got upon the track in consequence of such failure. *Fields v. Railroad*, 80 Mo. 203; *Jackson v. Railroad*, 80 Mo. 150; *Summers v. Railroad*, 29 Mo. App. 41. (3) *First.* The first instruction given on the part of plaintiff is not erroneous. It does not assume that the railroad passed along and adjoining the inclosed fields of plaintiff. On the contrary, that issue was fairly presented to the jury. The evidence is not preserved in the bill of exceptions, and the presumption is that the trial court did not err in giving instructions. When the tes'ty ony is clear and conclusive, then an instruction may assume the truth of the facts sworn to, and it will not be reversible error. For all the appellate court knows, that fact may have been admitted in the trial court. *Fields v. Railroad*, 80 Mo. 230; *Barr v. Armstrong*, 56 Mo. 577; *Caldwell v. Stephens*, 57 Mo. 589. *Second.* The instruction does not change the issue. Revised Statutes, 1879, section 809, requires the erection and maintenance of a

lawful fence. A fence defective and insecure is an unlawful fence. The authorities cited by appellant do not apply. *Third.* The failure to embrace all the issues of the cause in one instruction is not error. If they are included in the instructions given, and taken as a whole, they are correct. *Muehlhausen v. Railroad*, 91 Mo. 332 ; *Terry v. Railroad*, 77 Mo. 254 ; *Vaughn v. Railroad*, 34 Mo. App. 141. *Fourth.* The evidence is not preserved as to damages sustained by plaintiff. The petition charges the value of cattle killed to be four hundred and twenty-five dollars, and those crippled to be damaged forty dollars. This would make an aggregate damage of four hundred and sixty-five dollars. The verdict of the jury gave plaintiff four hundred and thirty-six dollars. It is manifest from the record that the defendant has not been injured thereby. *Morris v. Railroad*, 79 Mo. 367. The instruction as to damages is correct. Plaintiff was entitled to compensation "for the injuries (if any) received by other cattle referred to, and not killed." How is this court to know that there was any conflict in the evidence as to the injured cattle? *Harrison v. Railroad*, 88 Mo. 625 ; *Jackson v. Railroad*, 74 Mo. 526. (4) No error was committed in giving instruction number 2 on behalf of the plaintiff. After a good and substantial fence has been built by a railroad company, it must use proper diligence in keeping the fence in suitable repair, and so the jury were told by this instruction. *Clardy v. Railroad*, 73 Mo. 576 ; *Case v. Railroad*, 75 Mo. 668 ; *Rutledge v. Railroad*, 78 Mo. 286–293 ; Session Acts, 1887, p. 194. The court did not commit error in refusing instruction number 3, asked by defendant. The statute requires that the fence shall be constructed in a certain way, "the posts shall be set firmly in the ground, not more than eight feet apart, and the boards securely fastened thereto and placed at proper distances apart, so as to resist cattle," etc. Sess. Acts, 1887, 194.

Lainiger v. The Kansas City, St. J. & C. B. Ry. Co.

GILL, J.—Plaintiff brought his action under section 809, Revised Statutes, 1879, for the killing and crippling of certain cattle described in the petition, the property of the plaintiff. It is alleged in the petition that the cattle actually killed were of the value of four hundred and twenty-five dollars, and that the others were crippled and injured and thereby damaged in the sum of forty dollars, the aggregate damages claimed being four hundred and sixty-five dollars. It is alleged in the petition "that the said cattle came upon the track of said railroad, in said township where the same passed along, and adjoining, plaintiff's inclosed and cultivated field, and where there was not any crossing of said railroad by a public or private crossing; that the defendant, on said fourteenth day of August, 1888 (the date the cattle were killed and injured), and for a long time prior thereto, failed and neglected to keep and maintain a lawful fence on the sides of its said railroad, but suffered the fence on the west side of said railroad, at the point where said cattle got upon the track and were killed, injured and crippled, as aforesaid, to be and remain insecure, rotted down and out of repair, and that by reason thereof said cattle got upon said railroad track, and the killing, crippling and injuring of said cattle was occasioned then and there by the neglect and failure of the defendant to keep and maintain lawful fences on the west side of its railroad, as aforesaid," etc. The answer of the defendant was a general denial.

On the trial the defendant objected to the introduction of any evidence, for the reason that no cause of action was stated in the petition—because it does not appear from the petition but what the animals got upon the track within the limits of an incorporated town, etc., and were killed in the limits of an incorporated town ; because the petition charges the defendant permitted its fences to remain out of repair on the west

side of the road, but does not charge that the cattle injured came onto the road over said fence on the west side of the road. The court overruled the objections and admitted the testimony.

At the close of the case, the court gave the following instructions on behalf of the plaintiff: "1. The court instructs the jury that if they believe from the evidence that in Grant township, in Nodaway county, on or about the fourteenth day of August, 1887, at a point on the west side of the defendant's railroad track, where the same passes along by and adjoining an inclosed field of the plaintiff's, the cattle of plaintiff, described in the petition, escaped from said field and got upon the railroad right of way then and there through defendant's fence serving to inclose said right of way; that at the place where said cattle got through said fence was defective and insecure, and insufficient to turn stock, by reason thereof said cattle got through; that defendant, through its agents or servants, before and at the time the cattle got through, either knew, or by the exercise of ordinary care or caution might have known, of the defective condition of said fence at said place, and failed and neglected to keep the same in repair, and the jury further believe the cattle, while upon said right of way, got upon the railroad track and were then struck by a passing train of cars over said road, and that some of them were thereby killed or fatally injured, and others were wounded and bruised, the jury will find for the plaintiff, and assess his damage at the value of the cattle killed and fatally injured as aforesaid, less the value of their carcasses, then and there when discovered by plaintiff, and such further sum, if any, as the evidence may show will compensate the plaintiff for the injuries (if any) received by the other cattle referred to and not killed, not exceeding in the aggregate four hundred and sixty-five dollars.

"2. The court instructs the jury that a railroad company is not an insurer of its fences along the line of

its right of way. It is the duty of the company, however, to keep its fences in good repair, so as to constitute a good substantial fence, and so as to turn stock or cattle, and keep them off the right of way and out of the way of passing trains. If such fences become out of repair the company is allowed a reasonable time under the circumstances to discover the defect and repair it. But if the company by the exercise of such caution and vigilance as a prudent man would use, considering all the surroundings, might know of the defective condition of the fence, it cannot escape liability because it has no actual knowledge of their condition."

The court in behalf of the defendant gave the following instruction: "The court instructs the jury that if they believe from the evidence that the fence, where the cattle in suit broke through onto the defendant's right of way, was composed of posts and planks four and a half feet high, and that the same was not down, rotten or out of repair, but was up and composed of reasonably sound, strong material, and that plaintiff's cattle jumped upon or ran against it and broke it down and went onto defendant's railroad, then the plaintiff cannot recover, and the jury must return a verdict for the defendant, and in that case it can make no difference what the condition of the fence on either side of the place where it was broken may have been."

"The court instructs the jury that the burden of the proof is upon the plaintiff, and it devolves upon him to make out his case by a preponderance of the testimony, and unless he has so done the jury must find for the defendant."

The defendant also asked the following instruction: "4. The court instructs the jury that the material of which the fence was built, the manner of its construction and the width of the space between the boards is not in issue, and the jury will not consider it, but will disregard the evidence on that point."

This instruction was refused by the court, and the defendant excepted. There was a verdict for the plaintiff for four hundred and thirty-six dollars. A judgment for double the amount was entered as said section 809 requires ; and from said judgment defendant appeals.

I.    The first alleged error is that the petition states no cause of action, for the reason, it is said, that it is not therein shown that the cattle got upon the track of the railroad at the point where the defendant is required by law to fence, since it is not alleged " that the cattle did not enter upon the railroad track within the limits of a corporated town." This point must be ruled against the defendant. The law in this state is well settled, that while a plaintiff suing to recover double damages, under said section 809, Revised Statutes, 1879, is required, somewhat strictly, to allege and prove all the facts prescribed by the statute for such recovery, yet, if such facts appear by express averment, *or by necessary implication* from such express averments, then the petition will be held sufficient. *Williams v. Railroad*, 80 Mo. 600 ; *Manz v. Railroad*, 87 Mo. 281 ; *Ringo v. Railroad*, 91 Mo. 760 ; *Mayfield v. Railroad*, 91 Mo. 298. Following these cases, we hold that the allegation " that said cattle came upon the track of said railroad in said township where the same passed along, and adjoining, plaintiff's inclosed and cultivated field, and where there was not any crossing of said railroad by a public or private crossing," etc., sufficiently negatived the idea that the point of entry was within the limits of an incorporated town, and the petition is not on that account defective.

II.    Defendant's counsel finds fault with plaintiff's first instruction. It is claimed that said instruction *assumes* as true an issue of fact in the case, to-wit : "That defendant's road passed along, and adjoining, the inclosed field of plaintiff." We hardly think the jury would so understand the instruction referred to. The words of the court are :    " That, if they ( the jury )

*believe* from the evidence, that, in Grant township, etc., at a point on the west side of defendant's railroad, where the same passes along by, and adjoining, an inclosed field of plaintiff, the cattle of plaintiff escaped," etc. But however this may be, the court may have been authorized, under the evidence, to assume that the defendant's railroad passed along by plaintiff's inclosed land, as the testimony may have *indisputably* shown that fact. If so, then the court might properly assume it as true. *Fields v. Railroad*, 80 Mo. 203. We are not furnished with any of the evidence adduced at the trial, and may rightfully presume that the undisputed fact is, that said railroad does run along by the inclosed land of the plaintiff. Neither was there any substantial departure from the allegations of the petition, when the court told the jury, in said instruction, that defendant was liable if the fence, through which the cattle escaped, was "defective, insecure and insufficient to turn stock." This complies substantially with the complaint as set out in the petition. It is there charged that defendant "suffered the fence" (at the point named) "to be, and remain, insecure, rotted down and out of repair," etc.

In determining the amount of damages the jury was told to assess the value of the stock killed, less the value of the carcasses, and add thereto "such further sum, if any, as the evidence may show will compensate the plaintiff for the injury, if any, received by other cattle referred to and not killed, not exceeding in the aggregate four hundred and sixty-five dollars." Objection is made to the portion of the instruction above quoted, on the ground that the court did not thereby inform the jury as to the measure of damages for injuries to cattle not killed ; and, perhaps, the instruction of the court in this regard is open to some technical criticism. However, as it does not appear from the record to have injured the defendant, we shall not reverse the cause on that account. The petition charged

the value of the cattle killed to be four hundred and twenty-five dollars, and those crippled to be damaged at only forty dollars, and since the verdict was, in the aggregate, only four hundred and thirty-six dollars, we deem the error above alluded to unimportant and harmless. *Morris v. Railroad*, 79 Mo. 370 ; *Jackson v. Railroad*, 74 Mo. 527.

III. Neither do we discover any reversible error in the court's action in giving plaintiff's instruction number 2, especially when read in connection with instruction number 3, given at defendant's request. Said last instruction advised the jury correctly as to the character of fence defendant railroad was required to construct along its right of way ; whilst plaintiff's number 2 was intended to, and, in substance, did, properly declare the duty of the company as to repairs. We do not think, at all events, that the conflict, if any, between these instructions was of such a nature as to prejudice the defense in this cause. The circuit court properly, too, refused defendant's instruction number 4. The kind and character of the fence as it stood when the cattle escaped onto the track was material, and it would have been error to exclude from the jury the consideration thereof. The case, then, on the whole, seems to have been fairly submitted to the jury, and the judgment of the circuit court is affirmed. All concur.