T. J. LINDSAY, Respondent, v. THE KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, January 31, 1893.

The Judgment in this Cause is affirmed upon the authority of *Goodwin v. Railroad, ante,* p. 9.

*Appeal from the Oregon Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*Olden & Orr,* for appellant.

No brief filed for respondent.

BOND, J.—This action was brought under section 809 of the Revised Statutes, 1879, section 2611 of the Revised Statutes, 1889, for double damages for the killing of a sow by defendant. The allegations of the amended statement filed in the circuit court are clearly sufficient under the case of *Ringo v. Railroad,* 91 Mo. 667, 670, and the proof adduced by plaintiff amply sustained the verdict in his favor. *Goodwin v. Railroad, ante,* p. 9.

The court gave the following instruction: "You are instructed that, if you believe from the evidence that the defendant, on the twenty-seventh day of June, 1889, owned and operated a railroad through Lynn township, in Oregon county, Missouri, and plaintiff's sow in question got upon the *track of said railroad in said township where said road was not fenced and not a public crossing,* or in the limits of any town, and while said sow was on said track she was struck and killed by the engine and cars of defendant being run on said track, you should find for plaintiff and assess the value of the sow at her market value at the time she was killed, not to exceed $12.

This instruction is subject to the same objection urged to the instruction given in *Goodwin v. Railroad, supra.* For the reasons there given, and because the proof in this case showed that the sow was killed at a point where the railroad ran through *uninclosed land,*

and where there was no crossing, public or private highway and no switch nor station, and not within the limits of any town, we are of opinion that the instruction, as given, is not reversible error.

The judgment of the circuit court is affirmed. All concur.