E. W. JENKINS, Respondent, v. THE CHICAGO & ALTON RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, December 10, 1888.

1. **Railroads**: SUIT AGAINST BEFORE JUSTICE UNDER SECTION 809, REVISED STATUTES : STATEMENT : RULE AS TO SUFFICIENCY OF. Where a statement in an action under section 809, Revised Statutes, is otherwise defective, a reference therein to the statute has sometimes been held to help out the statement and render it good; but such reference is never necessary " where the complaint states facts which show that the animal got upon the track at a point where the company is by law required to fence its road." A statement alleging such facts is always good. (*Mayfield v. Railroad,* 91 Mo. 296).

2. **Practice**: INSTRUCTIONS : EVIDENCE. Where the instructions given in a case are as favorable to the defendant as the evidence justifies, there is no ground of complaint available to him.

*Appeal from Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

The case is stated in the opinion.

*G. B. Macfarlane* and *Davis & Wingfield*, for the appellant.

(1) The road, as originally established by user, could not be lost by the statute of limitations, because it does not apply to any land appropriated to any public use. R. S. 1879, sec. 3227; *Burch v. Winston*, 57 Mo. 62. (2) There must have been an abandonment of the road as a whole under section 58, page 270, Acts of 1883. "Non-user by the public for a period of ten years continuously of any public road shall be deemed an abandonment of the same." The non-user must have been of the whole road and not a part thereof. At common law and under the statute of limitations, neither adverse possession nor non-user of a part of a public road would deprive the public of its right. *City v. Canal Co.*, 1 Beas. 547; *City v. State*, 1 Broom [N. Y.] 521; 2 Dill. Mun. Corp., sec. 530; *Cross v. Morrison*, 18 N. J. Eq. 305. (3) The statute, being in derogation of common law and common right, must be construed strictly. *Jackson v. Railroad*, 87 Mo. 422; *Delaney v. Railroad*, 21 Mo. App. 599; Sedgwick Const. Stat. 267, and note. (4) The court did not require proof of non-user or other proof of abandonment than the fact that Cheatham obstructed the road for ten years, though such an obstruction was one-half of a mile from defendant's road, and travel over the unobstructed part was continued. Section 809 is penal. Defendant was bound to leave the road open and construct cattle-guards and crossings when the road was built. It did so. The road continued open at the point crossed by the railroad. The act of Cheatham in obstructing the road should not subject defendant to the penalties. Defendant had the right to assume that the public character of the road continued until an abandonment was brought to its knowledge. *Morrow v. Railroad*, 20 Mo. App. 433. There was nothing to indicate an abandonment; in fact, there was no proof of abandonment except the fact that Cheatham had obstructed it at one point·

(5) The statement was insufficient in not stating that the suit was under section 809.

*J. P. Strother*, for the respondent.

(1) The court properly and fully instructed the jury. There was no error in refusing defendant's instruction. Every sound proposition of law set forth therein was covered and announced in the instruction given for defendant.   (2) A public road is a "highway," and a highway is a way that not only all people who choose can travel, but have a right to travel.   Wharton's Law Dict., title Highway ; *Burks v. Railroad*, 69 ·Mo. 22 ; *Hedges v. Railroad*, 71 Mo. 37.   (3) The fact that the proprietor of land adjoining the right of way of a railroad company has failed to fence up to his line does not absolve the company from compliance with its statutory duty to fence its road where it passes through uninclosed lands.   *Hamilton v. Railroad*, 87 Mo. 85 ; *Rutlego v. Railroad*, 78 Mo. 286 ; *Rozzell v. Railroad*, 79 Mo. 349. (4) The statement in this cause is sufficient, and was fully covered and approved by this court in *McIntosh v. Railroad*, 26 Mo. App. 381 ; *Mayfield v. Railroad*, 91 Mo. 298.   It has never been held necessary to refer to the statute by the number of the section.

HALL, J.—This was an action under section 809, Revised Statutes, begun before a justice of the peace for the recovery of double damages for the killing of plaintiff's cattle by the defendant.   Objection is made to the sufficiency of the statement on the ground that it does not state that the suit was under said statute. Where a statement is otherwise defective, a reference therein to said statute has sometimes been held to help out the statement and render .it good.   *Summers v. Railroad*, 29 Mo. App. 46, and cases cited.   But such reference is never necessary "where the complaint states facts which show that the animal got upon the track at a point where the company is required by law to fence its road."   A statement alleging such facts is always

good. *Mayfield v. Railroad*, 91 Mo. 298 ; *Summers v. Railroad*, *supra*, and cases cited. The objection to the statement is not well taken.

The sole defense made by the defendant was that the animals in suit were killed in the crossing of a public road. There were two issues of fact in the case: (1) Was the lane in the crossing of which the animals were killed over a public road by use ? (2) If so, had it been abandoned by the people by non-user ? The defendant complains of the action of the court in giving and refusing instructions on these two issues of fact. But under the evidence in the case, we are satisfied that the instructions were as favorable to the defendant as they should have been.

Judgment affirmed. All concur.